**STATE OF FLORIDA, ex rel., FREDERICK C. PETERS v. HONORABLE NORMAN HENDRY, as Judge of the Civil Court of Record of Dade County, Florida, and the REED CONSTRUCTION CORP., a Florida Corporation.**

31 So. (2nd) 254          June Term, 1947
June 24, 1947          Division B

*J. H. Mercer* and *Comer R. Hall* and *Cushman & Woodard,* for appellant.

*J. Harvey Robillard* and *John E. Cicero,* for appellees.

BUFORD, J.:

On February 15, 1946, plaintiff filed his amended declaration in the Civil Court of Record of Dade County, Florida, wherein he sued the defendant for the amount of rental claimed to be due from defendant to plaintiff for the use of a certain model 206 P & H. Dragline which, it was alleged was delivered to the defendant by the plaintiff's yard at 8:00 A. M. on Monday, July 30, 1945. It was alleged that the agreed rental was to be $575.00 per month and that the defendant was to furnish the operator and make such repairs as might be required on the dragline. It was further alleged that on August 28th defendant contacted the plaintiff and advised that the dragline was in need of repair and that the defendant could not fix the dragline. The plaintiff reminded defendant that he, the defendant, was to furnish the operator and make all repairs, according to the oral agreement and that defendant told plaintiff that he could not do anything about returning the dragline to plaintiff's yard, and defendant refused to return said dragline to plaintiff's yard. It is alleged that the defendant kept the dragline in his possession until September 10, 1945, when plaintiff, at his own expense, returned the said dragline to plaintiff's yard. Plaintiff claimed $850.04 as shown by Bill of Particulars attached:

"To Rental of P & H Dragline from July 30 to Sept. 10, 1945.

Total time in your possession—1 month 12 days

| TOTAL CREDIT | |
|---|---|
| Adjusting clutches | 1 day |
| Repairing vertical Swing Shaft | 7 " 8 " |
| | 1 month 4 days |

| | |
|---|---:|
| 1-4/30 Month at $575.0 per mo. | $651.67 |
| Rental of trailer moving crane to Ft. Lauderdale | 65.00 |
| Rental of trailer moving crane from Ft. Lauderdale to Miami Beach | 65.00 |

Time of operator and crewman walking crane
to 7th avenue:

Sept.  7—  6 hours
8—  5 hours
10—9½ hours

| | |
|---|---:|
| 20½ hours at $1.50 per Hr. | 30.75 |
| Operator 20½ Hours at $1.25 per Hr. | 25.62 |
| Truck Hauling— | |
| Timbers  4 Hours at $3.00 per Hr. | 12.00 |
| | $850.04" |

and claimed $1500.00 damages.

On July 15, 1946, defendant filed his Third Amended Pleas and counterclaim. The pleas were: (1) That he did not promise as alleged and (2) That he never was indebted as alleged. The Third Amended Counterclaim was in two counts. The first count was as follows:

"That the plaintiff was before and at the time of the commencement of this suit, and still is, indebted to him, the defendant, in the sum of nine thousand seven hundred seventeen and 60/100 ($9717.60) dollars; for that the plaintiff by warranting a certain No. 206 dragline to be in a good, working condition and capable of being transported under its own power to, over and across defendant's ranch in Broward County, Florida, (from Plantation Road in said County) and of excavating and moving soil from place to place on his said ranch for the purpose of creating a drainage system thereon, hired said dragline to the defendant; and plaintiff knew and understood that said Dragline was the only Dragline immediately available to the defendant for said purpose, and plaintiff further knew and understood that defendant needed a year-long pasture for his livestock; yet the said Dragline was not in a good mechanical condition and suitable for the use

aforesaid, but on the contrary, plaintiff knew that said Drag-line was in a bad mechanical condition; and the said defendant so notified the said plaintiff of the condition of the No. 205 Dragline, as aforesaid; and defendant further notified him to come and get the said Dragline; and he, the defendant, incurred expenses in transporting, repairing and keeping said Dragline; and as a direct result of plaintiff's breach of warranty, as aforesaid, defendant was injured and damaged in that said ranch was flooded and the land and grass thereon were of no use or value to the defendant for grazing purposes, causing him, the defendant, to expend large sums of money for the feed, care and maintenance of his livestock on a small portion of his ranch that was not flooded; whereby, and by reason of the small and inadequate area so necessarily used for keeping said livestock, said defendant's livestock became sick and lost weight; and the profits that would have otherwise accrued to him, the defendant, were lost; which said sum of money is due from the plaintiff to the defendant.

"WHEREFORE, the said defendant says that, by reason of the premises, he has sustained damages to the amount of nine thousand seven hundred seventeen and 60/100 ($9717.-60) dollars.'"

The Second Count of the Third Amended Counterclaim contained the following:

"That the Dragline mentioned in the first count of Plaintiff's last amended declaration was at the time, to-wit, on the 25th day of July, A. D. 1945, when same was hired to this defendant by the plaintiff, in such mechanical condition and state of repair as to be wholly and completely unfit not suited to be used as contemplated by the contract of hire between plaintiff and defendant; that defendant hired said Dragline for the purpose of digging ditches and creating dikes, work requiring ability of the Dragline to move and change positions during the course of its operation in such use; that at the time said Dragline was delivered to defendant, it had been used and operated to such an extent as to be completely worn out and incapable of further use and operation thereof that the plaintiff did, when he hired said

Dragline to this Defendant, as aforesaid, then and there know that this defendant then and there hired said Dragline for the purpose aforesaid; that on or about August 28, 1945, the aforesaid Dragline did, without any fault or negligence on the part of this defendant, break down so completely that it could not even be moved and the plaintiff was notified thereof and requested to take possession of said Dragline at said location; and he, the defendant, incurred expenses in transporting, repairing and keeping said Dragline";

And then follows like averment as is contained in the latter part of the first count as to alleged damage to pasture and resulting loss.

The Bill of Particulars attached to this Counterclaim was as follows:

"THE REED CONSTRUCTION CORP.

To: MR. FREDERIC, C. PETERS, Miami Beach, Florida.

To: Amount of expense in moving by walking No. 206 Dragline from West Dixie Highway (Plantation Road) to East boundary line of Section 6, Township 50 South, Range 41 East, Broward County, Florida, and thence over and upon the ranch of Frederick C. Peters, all of said ranch being in Broward County, Florida. . . .

| Week ending August 4, 1945 | Labor | |
|---|---|---|
| Walter Green | $33.75 | |
| O. W. Green | 81.87 | |
| Henry Herlong | 35.00 | |
| Eddie King | 10.00 | |
| Bryce McClanahan | 5.00 | |
| | | $165.62 |
| Week ending August 11, 1945 | Labor | |
| O. W. Green | $68.75 | |
| Walter Green | 45.00 | |
| Henry Herlong | 5.00 | |
| Eddie King | 5.00 | |
| | | $123.75 |

Week ending August 18, 1945.... Labor
Roy Green ----------------------------------$63.13
Henry Herlong --------------------------- 24.00
Eddie King ----------------------------- 27.00
Bryce McClanahan --------------------- 20.00

                                                          $134.13

Week ending August 25, 1945.... Labor
Roy Green ----------------------------------$87.50
E. King ----------------------------- 16.00

                                                           $103.50
480 gallons of gas at 21c ------------   $100.80
Oil and grease ---------------------------     5.00

                                  Amount  $            632.80
                          Brought forward       632.80

Amount necessarily spent for livestock feed because large proportions of said ranch were under water:

October, 1945, 800 bags of Checkers ......$2,480.00
December, 1945, Hay ---------------------- 1,041.05
December, 1945, Checkers --------------------- 960.00
March, 1946, Checkers ----------------- 1,005.00
March, 1946, Hay --------------------------- 1,098.75

                                                   $6,584.80

Amount of loss sustained by reason of injury to more than 1,000 head of cattle:

1,000 head with average loss per head of ten pounds at an average cost per pound of 25c:

                                    Amount           2,500.00
                        TOTAL DAMAGES    $9,717.60"

The plaintiff filed demurrer to both counts of the counterclaim and also filed motion to strike or for compulsory amendment to counterclaim, both without waiving the general demurrer.

On hearing upon the demurrers and motions on October 19, 1946, the court entered the following order:

"IT IS ORDERED AND ADJUDGED that the plaintiff's demurrer as to the first count of the defendant's Third Amended Counterclaim be, and the same is hereby sustained.

"IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's demurrer as to the second count of the defendant's Third Amended Counterclaim be, and the same is hereby overruled.

"IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike the second count of the defendant's Third Amended Counterclaim and For Compulsory Amendment be, and the same is hereby granted; that the defendants amend by striking Speculative Damages from the allegations and ad damnum clause in the second count, and also from the Bill of Particulars thereto, to-wit: Amount necessarily spent for livestock feed . . . $6,584.80, and amount of loss sustained by reason of injury to 1,000 head of cattle . . . $2,500.00, or a total of $9,084.80, to be stricken from said count as the damages are speculative.

"IT IS FURTHER ORDERED that the defendant file said Amended Counterclaim to the Plaintiff's Amended Declaration on or before October 28, 1946.

"IT IS FURTHER ORDERED AND ADJUDGED that the defendant's motion to transfer the cause from the Civil Court of Record to the Circuit Court, Dade County, Florida, be and the same is hereby denied.

"ORDERED AND ADJUDGED at Miami, Florida, this 19th day of October, A. D., 1946."

On June 14, 1946, prior to the entry of above Order, the defendant filed motion praying that the court enter an order transferring the cause from the Civil Court of Record to the Circuit Court of Dade County, Florida, and, in support thereof, averred:

"1. That defendant has filed in this cause a counterclaim and/or counter-demand for the sum of nine thousand seven hundred seventeen and 60/100 ($9717.60) dollars, and said sum exceeds the jurisdiction of this court;

"2. That said counter-claim and/or counter-demand is a compulsory counter-claim and/or counter-demand as defined in Section 52.12 in Florida Statutes, 1941."

There appears to have been no Order made on this motion, and the Civil Court of Record retained jurisdiction of the cause until the entry of the Order or demurrers and motions to strike counter-claim which was entered on October 19, 1946, supra.

On October 25, 1946, the defendant, as petitioner, filed in the Circuit Court his petition for a Rule to be directed to Honorable Norman Hendry as Judge of the Civil Court of Record of Dade County, Florida, and to Reed Construction Corp. to show cause why writ of prohibition should not be directed to the Honorable Norman Hendry as Judge of the Civil Court of Record of Dade County, Florida, prohibiting him from assuming jurisdiction of said cause or from doing any act or thing therein or making any orders or entering any judgment therein. Rule Nisi was granted and on hearing of motion to dismiss, petition for rehearing and to be allowed to amend petition for prohibition was filed and granted. Motion was made to dismiss the amended petition and the amended petition was dismissed by Order of the Circuit Court on January 20, 1947. From this Order appeal was taken.

We have found it expedient to set out the above state of facts that our conclusion in regard to the matters here presented may be of some benefit to the bench and bar. The matter of counter-claim is controlled by Sections 52.11, 52.12 and 52.13 Florida Statutes 1941 (same F.S.A.)

It is the contention of appellants that they, having filed a counter-claim, the elements for damages of which growing out of the subject matter of the suit exceeded in amount of demand the jurisdictional demand of the Civil Court of Record, the Civil Court of Record lost jurisdiction of the cause and it was necessary for the cause to be transferred to the Circuit Court under the provisions of Section 52.12, supra. Neither the Judge of the Civil Court of Record nor the Circuit Judge concurred in this view and in this neither committed any error.

The provisions of Section 52.12, supra, necessarily contemplates that the court may determine, and in fact must determine (1) whether or not the compulsory counterclaim exceeds the jurisdiction of the court wherein the suit is pending and the duty is on the counter-claimant to make such allegations as will show that his compulsory counter-claim is an enforceable claim arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The only part of the counter-claim which claims damages arising out of the rental and warranty of the dragline is the aggregate sum of $632.80 expended for labor, gasoline, oil and grease and whether or not these are items for which the warrantor is liable we express no opinion because that is a matter creating issues which are yet to be determined.

It is, however, apparent on the face of the pleadings that the amount expended by the counter-claimant in the sum of $6,584.80 for feed and the amount of $2500.00 claimed for loss of weight of cattle are not elements of damage for which the warrantor can in any action be held liable. See Sutherland on Damages, 4th Ed., Vol. 1, page 170, Sec. 45, et seq. and cases there cited. Also see Alexander, Assignee, v. Bishop, LIX Iowa 572; Ry. Co. v. Neel, 56 Ark. ·279. In A. and St. A. B. Ry. Co. v. Thomas et al., 60 Fla. 412, 53 So. 510, we held:

"To warrant a recovery of substantial damages the losses complained of must have actually and proximately resulted from the breach of the contract; they must be of such a nature that they should reasonably have been contemplated by the parties as a probable result of a breach of the contract; and the amount of the losses must be capable of reasonably certain ascertainment, and not remote, conjectural, contingent or speculative."

See also Vaughan's Feed Store v. Stringfellow, 56 Fla. 708, 48 So. 410; Hall v. Western Union Telegraph Co. 59 Fla. 275, 51 So. 819; Hodges v. Fries 34 Fla. 63, 15 So. 682; Moses v. Autuono 56 Fla. 499; 47 So. 925, 20 L.R.A. (N.S.) 350. Also see Payne v. Ivey, 83 Fla. 436, 93 So. 143; Bayshore Develop-

ment Co. v. Bondfoey 75 Fla. 455, 78 So. 507, L.R.A. 1918-D 889; Farrington v. Richardson 153 Fla. 907, 16 So. (2nd) 158.

Our conclusion is that the damage alleged by reason of the necessity of feeding cattle is too remote and the damages by reason of the loss of weight of cattle is too remote and speculative to be enforced as a claim against the warrantor and neither of such elements of damage was reasonably within the contemplation of the parties at the time the rental contract was made.

For the reasons stated, the judgment appealed from is affirmed.

THOMAS, C. J., ADAMS and BÁRNS, JJ., concur.