CARROLL, CHAS., Judge.
By common law certiorari the petitioner, who was the defendant below, seeks review of an order of the trial court granting a motion to dismiss his amended counterclaim. The respondent Kenco Chemical Co., Inc., had sued in the civil court of record in Dade County to collect a bill of $780 for liquid fertilizer. The defendant filed an amended counterclaim, alleging that plaintiff had warranted the fertilizer would improve the crop but that it had damaged the crop in the amount of $16,000 for which recovery was sought.
Petitioner contends that the court erred in holding its amended counterclaim was insufficient and argues also that the civil court of record was without jurisdiction to pass on the question of its sufficiency and should have transferred the case to the circuit court.
The civil court of record has jurisdiction in common law causes in which the amount in controversy exclusive of interest and costs does not exceed $5,000. Section 33.02, Fla.Stat., F.S.A. Under § 52.12(1), Fla.Stat., F.S.A., a cause filed in the civil court of record should be transferred to the circuit court when a compulsory counterclaim is filed the amount of which exceeds the jurisdiction of the former court. The statute, § 52.12(1) reads as follows:
“Should the demand of any compulsory counterclaim exceed the jurisdiction of the court wherein the suit is pending, the said suit shall be forthwith transferred to the court of the same county having jurisdiction of the demand in the said counterclaim mentioned, with only such alterations in the pleadings as shall be essential. In such case, an order shall be made by the court for the transfer of the suit and the transmission of all papers therein to *28 the proper court and thereupon the originals of all such papers shall be transmitted and filed, together with a certified or attested copy of the order of transfer and transmissal. The court to which transferred shall have full power and jurisdiction over the demands of both the defendant and the plaintiff in the said suit and may adjudicate the same and enter judgment thereon.”
Similar provision for transfer is made by rule 1.13(10) of the 1954 Florida Rules of Civil Procedure, 30 F.S.A., the wording of which is the same as the statute quoted above with the exception that where the opening line of the statute specifies any compulsory counterclaim, the rule says “any counterclaim”; and where the last line of the statute reads “enter judgment thereon”, the rule says “enter judgment or decree thereon.”
In the case of State ex rel. Peters v. Hendry, 159 Fla. 210, 31 So.2d 254, 258, the Supreme Court said:
“The provisions of Section 52.12, supra, necessarily contemplates that the court may determine, and in fact must determine (1) whether or not the compulsory counterclaim exceeds the jurisdiction of the court wherein the suit is pending and the duty is on the counter-claimant to make such allegations as will show that his compulsory counterclaim is an enforceable claim arising out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.”
The holding by the Supreme Court that the counterclaimant must present allegations which show his counterclaim “is an enforceable claim,” necessarily authorizes the initial court, as a preliminary to ordering such a transfer, to determine whether such has been done. Here the civil court of record ruled that the counterclaim failed to state a cause of action and dismissed it, but we are unable to agree that the counterclaim was insufficient.
The plaintiff-respondent argued that the counterclaimant was precluded from recovery for damage to the crop alleged to have resulted from the fertilizer, because of limitations in Chapter 576, Fla.Stat., F.S.A. However, in a similar case in the United States District Court in the Northern District of Florida, Shaw v. Armour & Co., D.C.N.D.Fla.1959, 175 F.Supp. 213, 214, it was held that Chapter 576 Fla.Stat., F.S.A. “does not supersede any common law remedies available for compensatory damages arising from application * * * to crops.” There, as here, it was contended that the claim was deficient in not tracking the statute, Chapter 576; that it failed to allege a chemical analysis was made of the fertilizer; that the statute was a part of the contract under which the fertilizer was sold; and that the damages recoverable were limited to those provided in the statute. In rejecting those arguments in the Shaw case the court said:
“* * * It [Ch. 576, Fla.Stat, F.S.A.] is a cumulative remedy, not an exclusive one. The common law remedy remains. The burden of proof under the common law is, indeed, a heavy one, due to diverse factors inherent in production of crops. See Atlantic & Gulf Fertilizer Company v. Mayo-Lyles Store, supra, [97 Fla. 1] 119 So. [513] at page 516. Because of the chasms and peaks between alle-gata and probata, however, the road to recovery is not automatically barricaded by Chapter 576.”
For the reasons stated it was error for the civil court of record to rule that the counterclaim failed to state a cause of action. The excess over the jurisdictional amount of the civil court of record which the counterclaim created should have been recognized, and the cause should have been transferred forthwith to the circuit court as *29 provided for by § 52.12, Fla.Stat., F.S.A., and rule 1.13(10), F.R.C.P.
Accordingly, certiorari is granted, the. order dismissing the amended counterclaim is quashed and the cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
PEARSON, C. J., concurs specially.