PEARSON, Chief Judge
(concurring specially).
While I concur in both the decision and the reason of the opinion of the court, I am of the view that the case of State ex rel. Peters v. Hendry, 159 Fla. 210, 31 So.2d 254 does not require a holding that the court of original jurisdiction should determine the legal sufficiency of the counterclaim. If the instant decision should be construed to encompass a holding that the court of original jurisdiction should so determine, I would dissent. Since the holding here is that the Civil Court of Record wrongfully dismissed a counterclaim which appears both enforceable and beyond the civil court’s jurisdictional limit as to amount involved, it is necessary only to mention the basis for my view.
As the opinion of the court points out, the controlling case of State ex rel. Peters v. Hendry, supra, was decided before present Rule 1.13(10) Florida Rules of Civil Procedure was adopted. Therefore the direction therein that the court of original jurisdiction should determine if the counterclaim is actually a compulsory counterclaim is no longer applicable. The direction that such court of original jurisdiction should determine that the counterclaim is enforceable ought not to be considered to mean that such court may conclusively determine whether the claim is good against the defenses which may be raised by a motion to dismiss. See Rule 1.11(b) Florida Rules of Civil Procedure. Such ruling would be an exercise of jurisdiction not granted by the legislature to the court. The words “enforceable claim” should be given their ordinary meaning which I take to be: One which prima facie appears to be the subject of a proper legal action. The determination of the form and sufficiency of this pleading remains within the jurisdiction of the proper trial court.