THOMAS, Justice.
The City of Miami commenced an action in the Civil Court of Record, Dade County, to recover in taxes $1473.63 from Jafra Steel Corporation and The Dixie Dredge-Corporation. The latter corporation filed a counterclaim for damages in excess of $5000. alleged to have been suffered from an attempt by the City to levy upon its tax warrant. The City, under Rule 1.14, Rules of Civil Procedure, 30 F.S.A., moved to strike the counterclaim on the ground that it was a sham pleading. Evidence was taken, as may be done under the rule, and the motion was granted. Dixie’s motion to transfer the cause to the Circuit Court because its demand exceeded the jurisdiction of the Civil Court of Record, as it is set by Sec. 33.02, Florida Statutes, F.S.A., was denied.
Thereafter the Civil Court of Record upon the City’s motion entered a summary judgment for the amount of its claim. An appeal was taken from the judgment as well as the ruling on the counterclaim. The District Court of Appeal declined to rule on the merits in respect of the summary judgment because of the conviction that reversal should be adjudged on the matter of jurisdiction inasmuch as the amount declared placed the question in the jurisdiction of the Circuit Court.
In other words, as we understand the ruling, a counterclaim, sham or not, for more than is entertainable by the Civil Court of Record requires the transfer of the cause to the court of larger jurisdiction under Rule 1.13(10), Florida Rules of Civil Procedure. Taken literally that is what the rule commands. But literal application presents a rather anomalous situation because of the provisions of Rule 1.14, supra.
The Civil Court of Record unquestionably had jurisdiction of the original claim and control of the procedure with reference to it. It was in that court that an adverse party could move to strike any pleading he considered sham. The court, presumably the one to which the motion is pre *180 sented, must hear the motion, “taking evidence of the respective parties” and if the motion is sustained the pleading to which it is directed shall be stricken. Furthermore, it is provided that summary judgment “may, in the discretion of the court, be entered, or the court may for good cause shown, permit additional pleadings to be filed.”
Our study of this rule leads us to the belief that while all this goes on the jurisdiction, the power to act, is in the original court and that determination of the ultimate result requires a reading of the two rules in pari materia. To decide the matter solely on the provision of Rule 1.13(10) would require the judge of the first court to hear and determine the feigned plea only to transfer the case to the second court whence conceivably, it might bounce back to court number one. This impracticality should not obtain.
In fine, we think the primary, immediate concern was the nature of the pleading to be determined by the original court, and that the jurisdiction thenceforwards would be fixed by the ruling.
We hasten to say that our conclusion is no reflection on the District Court of Appeal or the learned member who wrote for that court but rather it is a commentary on the ambiguity which inheres in the rules. The court obviously followed meticulously the second rule and perhaps felt that it should not take such liberties with both as we have done.
We think the two rules need study and unification for the benefit of like cases to arise in the future. As for the present controversy we conclude that the District Court of Appeal erred when it reversed the Civil Court of Record’s orders denying the motion to transfer, striking the counterclaim and entering the summary judgment.
We assumed jurisdiction of the case because of an apparent conflict between the ruling of the District Court of Appeal and the decision of this court in State ex rel. Peters v. Hendry, 159 Fla. 210, 31 So. 2d 254.
The decision of the District Court of Appeal is reversed.
THORNAL, C. J., ROBERTS and O’CONNELL, JJ., and MASON, Circuit Judge, concur.