CARROLL, Judge.
On the suggestion filed by the petitioner Ike Attias seeking a writ of prohibition against the judges of the civil court of record of Dade County, we issued a rule nisi, to which the respondents filed a reply. After hearing thereon we concluded that the rule should be discharged.
In the suggestion it was alleged that an action for removal of the petitioner as a tenant was filed by one W. L. Walker in the civil court of record; that petitioner filed a counterclaim for damages in an amount in excess of the jurisdiction of that court, and thereupon moved for transfer of the cause to the circuit court; that an order was entered transferring only the counterclaim to the circuit court and retaining jurisdiction of the action for removal of tenant in the civil court of record.
Prohibition was sought in this court on the theory and contention that the civil court of record was without jurisdiction to retain and determine the action for removal of tenant, in view of the provisions of rule 1.170(j) Fla.R.C.P., 30 F.S.A., for transfer of the plaintiff’s cause of action as well as the counterclaim to the court of higher jurisdiction, and that the latter court then “shall have full power and jurisdiction over the demands of all parties.” [1]
The respondents contend, and we agree, that the action for removal of tenant was properly retained in the civil court of record, as it was a statutory proceeding of which that court had jurisdiction, but of which the circuit court was without jurisdiction.
Included in the grant of original jurisdiction to circuit courts (Art. V, § 6(3) Fla.Const., 26 F.S.A.) is the following: “They shall have original jurisdiction of actions of forceable entry and unlawful detainer, and of such other matters as the legislature may provide.” The action in the civil court of record was not one for forcible entry or unlawful detainer, the procedure for which is outlined in Chapter 82, Fla.Stat., F.S.A., but was an action for removal of tenant as provided for under Chapter 83, relating to landlord and tenant under the summary process provided for therein. We have not been shown where jurisdiction has been conferred by the legislature on the circuit courts for the handling of the latter type actions. However, the jurisdiction thereof is expressly conferred on the civil court of record for Dade County. See Leaders International Jewelry v. Board of County Commissioners, Fla.App.1966, 183 So.2d 242.
Chapter 65-2422 Laws of Florida 1965, Extra.Sess., providing for establishment of civil courts of record in counties having a population of not less than 400,000 (applicable in Dade County), and prescribing jurisdiction of such courts, provides in subsection (2) of section 2, in pertinent part, as follows:
“The civil courts of record shall also have jurisdiction over proceedings related to forcible entry and unlawful detention of lands and tenements and all proceedings for removal of tenant as prescribed by statutes for removal of tenant by county judge and over all other statutory remedies relating to landlord and tenant except when exclusive original jurisdiction of any such action is reserved to another court under the state constitution.”
*872 It will be noted that the jurisdiction thus conferred on the civil court of record of Dade County for proceeding's for removal of tenant is that which is prescribed by statute for removal of tenant by county judge. The latter is outlined and provided for in Chapter 83, Fla.Stat., F.S.A., §§ 83.20-83.27.
An additional argument advanced by the respondents to justify the action of the trial court is that the rule relating to the filing of counterclaims does not contemplate the filing of a counterclaim to a petition filed under the summary statutory proceeding for removal of tenant. We pretermit ruling on that contention, in view of our disposition of the case on another ground as set out below.
Although the rule for transfer, taken literally, appears to command that the entire cause be transferred to the court of higher jurisdiction upon the filing by the defendant in the civil court of record of a counterclaim for damages in excess of the jurisdiction of that court, the rule should not be given literal application in an anomalous situation where to do so would lead to impracticality. See City of Miami v. Jafra Steel Corporation, Fla.1966, 184 So.2d 178.
This case presents such a situation, because a literal compliance with the rule would result in transferring from the civil court of record to the circuit court, in addition to the counterclaim, a statutory proceeding for removal of tenant which the lower court has jurisdiction to entertain and determine, but which is a type of action for which the circuit court is not granted jurisdiction.
The transfer rule must be read together with the organic law and statutes relating to jurisdiction of the actions involved. City of Miami v. Jafra Steel Corporation, supra. On doing so, we hold that the order entered in the civil court of record was eminently correct, and that the petitioner has not shown that in retaining the action for removal of tenant the respondents exceeded their jurisdiction or are acting without jurisdiction.
For the reasons stated, the rule nisi is discharged and judgment is entered for respondents.
It is so ordered.

. Subsection (j) of § 1.170 Fla.R.C.P. provides: “If the demand of any counterclaim or «cross-claim exceeds the jurisdiction of the court where the action is pending, the action shall be transferred forthwith to the court of the same county haying jurisdiction of the demand in the counterclaim or cross-claim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action and the transmittal of all papers therein to tho proper court and thereupon the original papers shall be transmitted and filed, . together with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties.”