OWEN, Judge.
Appellant Davis was the lessee and ap-pellee Flato the lessor under a written lease agreement to run for a period of five (5) years from November 1, 1961. Davis abandoned the premises in February, 1964, and ceased paying rent in April, 1964. The lessor filed suit in August, 1964, alleging the execution of the lease and the breach of the same. Davis filed an answer admitting the execution of the lease and asserting certain affirmative defenses not material to this action. After a jury trial final judgment was entered in favor of the lessor on July 16, 1965, permitting lessor a recovery of all rental payments due up to that date after giving appropriate credit for the security deposit made by Davis at the time of executing the lease. Davis ultimately satisfied such judgment.
In January, 1966, appellee filed a further suit against Davis on the same lease alleging non-payment of rent from the middle of July, 1965, to the time of the filing of such suit. After some legal skirmishing, Davis filed an answer denying that he executed the lease in question, asserting as an affirmative defense the failure of the lessor to mitigate his damages by reletting the premises. The answer included a counterclaim seeking equitable relief by way of reformation to make the written lease agreement reflect the alleged true intent of the parties, to-wit: that the lease agreement was to be on a year-to-year basis and that in the event of termination or default by Davis, the security deposit'would constitute liquidated damages establishing the tenant’s liability; for such default. At .the same time Davis filed a motion to transfer the case to the circuit court.
The motion to transfer was denied and summary judgment on liability was subsequently entered in favor of appellee. After a trial before the court without a jury, judgment was entered for appellee for the rental at the rate specified in the lease for the period subsequent to the middle of July, 1965, through the remainder of the term, the same having expired the day before trial. At such trial Davis proffered testimony that the appellee’s agent had accepted a return of the keys to the premises with a promise to try to find another tenant but had done nothing in that regard other than to place a “for sale” sign in the window, and had told at least one person making inquiry that the premises were not available for lease. Appellant raises on this appeal the question of whether the lower court should have transferred the case to the circuit court and whether the trial court improperly rejected the proffered testimony going to mitigation of damages.
We are of the opinion that it was error for the trial court to deny appellant’s motion to transfer this cause to the circuit court and therefore we do not pass upon the issue of the rejection of the proffered testimony. The motion to transfer was based upon Rule 1.13(j) F.R.C.P.,[1] by virtue of the counterclaim seeking equitable *18 relief, the exclusive jurisdiction for which was vested in the circuit court.[2] The rule taken literally is mandatory rather than directional only. But the rule should not be given literal application in an anomalous situation where to do so would lead to impracticality.[3] Thus, the court of original jurisdiction may examine the counterclaim to determine whether on its face it contains allegations which state an enforceable claim,[4] although such counterclaim may he permissive as well as compulsory.[5] If, after such counterclaim is filed, it becomes the object of a motion to strike as a sham pleading under Rule 1.150 R.C.P. the original court has jurisdiction to hear the motion, “taking evidence of the respective parties” and to strike the pleading if the motion is sustained.[6] Another exception engrafted upon the rule pertaining to transfer of the cause of action is that such counterclaim will not act to divest the court of a specific statutory proceeding of which the original court has exclusive jurisdiction.[7]
None of the foregoing limitations or restrictions were involved in the case at bar. Plaintiff sought a money judgment and defendant by his counterclaim sought affirmative equitable relief. The allegations of the counterclaim appear to be sufficient to state a cause of action for the relief sought, and plaintiff did not seek to have the same stricken as a sham, nor did the court do so on its own motion. While the amount sought by plaintiff in damages would initially place jurisdiction in the Court of Record of Broward County, this would not defeat a transfer of the cause to the circuit court under 1.13(j) F. R.C.P., since to hold otherwise would render the rule nugatory.
The judgment is reversed and the cause is remanded to the Court of Record of Broward County for entry of an appropriate order transferring the cause to the Circuit Court of Broward County for further proceedings.
REED, J., and DYKES, ROGER, Associate Judge, concur.

. Now Rule 1.170(j) R.O.P., 30 F.S.A.

. Fla.Const, art. V, § 6, F.S.A.

. City of Miami v. Jafra Steel Corp., Fla.1966, 184 So.2d 178; State ex rel. Attias v. Blanton, Fla.App.1967, 195 So.2d 870.

. State ex rel. Peters v. Hendry, 1947, 159 Fla. 210, 31 So.2d 254; Platt v. Kenco Chemical Co., Fla.App.1961, 132 So.2d 27.

. State ex rel. Rosenfeld v. Boyer, Fla.App.1962, 145 So.2d 547.

. City of Miami v. Jafra Steel Corp., supra, note 3.

. State ex rel. Attias v. Blanton, supra, note 3.