PER CURIAM.
By petition for writ of certiorari there is presented for review a judgment of the circuit court of Dade County affirming a decision of the county court adverse to the defendant in an action for removal of the defendant from certain leased premises.
For five years prior to September 1,1976 the defendant, Flamingo Blueprint, Inc., occupied certain store premises in a shopping *87 mall under a written lease from the lessor, the respondent, Monumental Properties of Florida, Inc.
On September 8, 1976 the lessor filed an action in the county court for removal of the tenant as holding over without a lease. The defendant-lessee answered, and in a counterclaim set forth, as an equitable defense against the ouster, that it was in possession under a new lease, alleging that on April 15,1976, some four months prior to the expiration of its original lease, the lessor prepared a similar written lease for a term of three years, to commence September 1, 1976, and submitted it to the lessee for signature (copy of which was attached to the counterclaim); that lessee signed the lease and returned it to the lessor for signature; that the lessor executed the lease; that thereafter and prior to September 1, 1976, lessor informed lessee the lease was made; that some time before the time the new lease was to become effective the lessor sought to have another lessee surrender to lessor a portion of the premises held by that lessee [the latter lessee was a separate corporation in which the defendant had a financial interest]; that when said other lessee refused to surrender a portion of its leased premises, the lessor, a few days before September 1,1976, informed defendant that the new lease to defendant would not be granted, although prior thereto, as mentioned above, lessor had informed defendant that the new three-year lease was made and would be in effect. Defendant alleged that on September 1, 1976 it made a rental payment as called for under the new lease, and that lessor accepted and retained such rental payment. The defendant sought a judgment holding that the new lease is effective and sought to enjoin action by lessor in derogation of said lease, and further sought compensatory damages in excess of $5,000.00 for alleged breach of contract, and punitive damages.
The plaintiff-lessor answered the counterclaim, averring as defenses thereto that it had not executed the new three-year lease, and that the matter of surrender of part of the property leased by said separate corporate entity had been a condition precedent to the granting of such new lease to the defendant.
Defendant moved for transfer of the action to the circuit court, based on its claim for damages in an amount in excess of the jurisdiction of the county court. Plaintiff moved to dismiss the counterclaim for insufficiency. The court denied transfer, granted plaintiff’s motion and struck the counterclaim, and without motion for summary judgment or trial summarily granted to the plaintiff a judgment for possession of the leased premises. It appears, however, that pending this litigation the lessee has continued in possession.
Defendant appealed to the circuit court, which affirmed without opinion. The defendant-lessee then filed this petition for certiorari.
The rights of the parties depend on determination of the issue, squarely raised on the pleadings, as to whether there was an executed lease. If, as alleged, some time prior to the commencement of the term of the new lease it was executed by the parties, and the lessor holding the document so informed the lessee, who was in possession and so continued at and after the commencement of the term, the lease contract would be effective without necessity of delivery. Therefore, the lessor could not deprive the lessee of its right to possession under said lease by refusing at the eleventh hour to supply an executed copy to the lessee. See: Tucker v. Gray, 82 Fla. 351, 90 So. 158 (1921); 49 Am.Jur., Statute of Frauds, § 391; Anno. 12 A.L.R.2d 508, 511, § 3.
Affirmance by the circuit court of the trial court’s denial of the transfer, in the circumstances of this case, was not a departure from essential requirements of law. The damage claim was patently improper. If there was no valid lease, there was no basis to claim damages. An oral agreement for a three-year lease would not be enforceable. If there was a lease, the lessee was entitled to its benefit, and lessee has remained in possession in the interval. State v. Hendry, 159 Fla. 210, 31 So.2d 254 *88 (1947); Platt v. Kenco Chemical Co., 132 So.2d 27 (Fla. 3d DCA 1961); City of Miami v. Jafra Steel Corp., 184 So.2d 178 (Fla.1966); Davis v. Flato, 210 So.2d 16 (Fla. 4th DCA 1968).
We hold that in affirming the judgment which struck the counterclaim and summarily granted judgment to the plaintiff the circuit court departed from essential requirements of law. The counterclaim set up an equitable defense based on alleged existence of the new three-year lease. There was a triable issue as to the existence of the lease, and plaintiff’s pleading raised an issue as to an alleged condition precedent. The defense in the counterclaim is to be considered for purposes of summary disposition of the cause. Remington v. L. P. Gunson & Company, 125 So.2d 885 (Fla. 2d DCA 1961).
For the reasons stated, certiorari is granted and the cause is remanded to the circuit court with direction to further remand the cause to the county court for further proceedings not inconsistent herewith.