# JAY v. CAMBOURIS, et al.

## Case No. 83-105-DT

County Court, Bay County

September 12, 1983

## APPEARANCES OF COUNSEL

**Harold W. Long, Jr.,** for plaintiff.

**Richard Smoak** for defendant.

## OPINION OF THE COURT

WILLIAM A. COOPER, JR., County Judge.

THIS CAUSE came on to be heard on defendants' motion to transfer. The court has considered the pleadings and argument of counsel and finds as follows:

1. Plaintiff as landlord has filed an action seeking the removal of the defendants as tenants and has invoked the summary procedure provided by Chapter 51, Florida Statutes.

2. Defendants have answered and have counterclaimed seeking specific performance of an option to renew the lease and seeking injunctive

relief from alleged interference by the plaintiff with their possession and right of quiet enjoyment, as well as seeking to enjoin the prosecution of plaintiff's action in this court.

3. County courts have exclusive jurisdiction over proceedings relating to the right of possession of real property. Section 34.011(2), Florida Statutes. Circuit courts have exclusive jurisdiction of equitable actions (with the exception of equitable defenses provided by Section 83.60, Florida Statutes), such as actions which seek specific performance and injunctions. Section 26.012, Florida Statutes.

4. Rule 1.170(j), Fla. R. Civ. P., provides that an action wherein a counterclaim or cross-claim exceeds the jurisdiction of the court should be transferred to the court of higher jurisdiction, which is then given by the rule full jurisdiction of the demands of all parties. This rule, however, does not vest jurisdiction in a court where the legislature has given exclusive jurisdiction over that subject matter to another court. *Phillips v. Cutler,* 388 So.2d 49 (Fla. 2d DCA 1980).

5. The proper procedure is to examine the counterclaim to determine whether on its face it contains allegations which state an enforceable claim, *State v. Blanton,* 195 So.2d 870 (Fla. 3rd DCA 1967), or whether the counterclaim is patently improper. *Flamingo Blueprint, Inc. v. Monumental Properties, Inc.,* 358 So.2d 86 (Fla. 3rd DCA 1978). If the counterclaim does not appear to be improper and otherwise states an enforceable claim, the court should bifurcate the proceedings, sending the counterclaim to circuit court and retaining jurisdiction over the Chapter 83 possessory action. *Davis v. Flato,* 210 So.2d 16 (Fla. 4th DCA 1968).

6. The court has examined both counts of the counterclaim and finds that neither is patently improper and each contains allegations which state an enforceable claim if proved. The court further notes that in these counts, counterclaimants seek relief which amount to more than equitable defenses. The right to raise equitable defenses is not the equivalent of the right to seek injunctive relief or specific performance. *Phillips v. Cutler,* supra.

7. The court finds that it would be inappropriate to proceed with the plaintiff's action until the higher court has determined the merits of the counterclaim.

The foregoing premises considered, it is accordingly

ORDERED and ADJUDGED that defendants' motion to transfer be, and the same is hereby granted, and upon deposit by the movants with the court having jurisdiction of a sum specified to pay the clerk's

service charge in circuit court, the county clerk is thereupon ordered to transmit all original papers and deposit, along with a certified copy of this order, to the clerk of the circuit court. It is further

ORDERED and ADJUDGED that plaintiff's proceedings related to plaintiff's complaint for removal of tenants be, and the same are hereby, stayed pending a determination of the merits of defendants' counterclaim, or for a period of 30 days, following which, if defendants have failed to transfer the counterclaim to circuit court as provided above, the stay shall be lifted.