# WISCONSIN REAL ESTATE INVESTMENT TRUST v. ROUSE
## Case No. CO83-3878
County Court, Orange County

July 9, 1985

### APPEARANCES OF COUNSEL

**Gordon H. Harris** for plaintiff.

**Frederick J. Ward** and **J. Michael Malone** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came before this court on tenant's motion to transfer the eviction to Circuit Court.

The procedural history of this case is both voluminous and extensive. The plaintiff originally filed a complaint in County Court for eviction. The tenant filed an original suit in Circuit Court seeking, among other things, an injunction prohibiting the County Court from hearing the eviction. The injunction depriving the County Court of the jurisdiction was granted by the Circuit Court, but was reversed by the 5th DCA. *Wisconsin Real Estate Investment Trust v. Rouse*, 466 So.2d 289 (Fla. 5th DCA 1985).

After the 5th DCA dissolved the injunction, the tenant filed a counterclaim in the County Court eviction case seeking declaratory relief. The tenant also sought the return of a $6,000. security deposit and damages in excess of $5,000. for breach of lease, fraud and overpayment of taxes. The tenant's counterclaim clearly exceeded the jurisdiction of the County Court.[1]

Fla. Stat. 34.011(2) states that County Courts have *exclusive* jurisdiction to hear eviction cases. Prior to 1977 it was clear that *only* County Courts could hear evictions. If the Defendant filed a counterclaim which exceeded the County Court's jurisdiction, then the case would be bifurcated; the County Court would hear the eviction and the Circuit Court the counterclaim. Unfortunately, this created duplicitious lawsuits.

In 1977 the Florida legislature amended Fla. Stat. 34.011(2) to require that if a counterclaim exceeded the County Court's jurisdiction, "the demands of *all* parties shall be resolved by the Circuit Court." Unfortunately, the amendment created an internal inconsistency with Fla. Stat. 34.011(2).[2]

If the first sentence of Fla. Stat. 34.011(2) is followed, only the County Court, not Circuit Court, could hear evictions because the County Court's jurisdiction is *exclusive* not *original*.[3] If the second sentence of Fla. Stat. 34.011(2) is followed if a defendant files a counterclaim exceeding the County Court's jurisdiction, the entire case (eviction and counterclaim) must be transferred to Circuit Court.

This Court resolves the conflict by adopting the second sentence and ruling that the entire case be transferred to Circuit Court. It is basic statutory construction that the last expression of the legislature in point of time prevails. *Askew v. Schuster*, 331 So.2d 297 (Fla. 1976). Since the last amendment required the County Court to transfer the *entire* cause, the eviction as well as the counterclaim must be transferred.[4]

It is therefore ordered and adjudged that the entire case be trans-

---

[1] Circuit Court has exclusive jurisdiction to grant declaratory relief. Fla. Stat. 26.012(2)(c); Circuit Courts also have exclusive jurisdiction to hear cases in which damages exceed $5,000. Fla. Stat. 26.012(a) and Fla. Stat. 34.01(c)(2).

[2] A copy of the amendment is attached to this Order.

[3] *Exclusive* jurisdiction has been defined in Black's Law Dictionary as the *only* court with jurisdiction to hear the case. *Original* jurisdiction refers to where the case must initially be filed. Once filed, other courts might obtain jurisdiction to hear the case.

[4] The legislature could clarify the conflict by substituting the word "original" for "exclusive" in the first sentence.

ferred to Circuit Court.[5] Attorneys for the defendant requested that Circuit Judge Muszynski continue to hear the case, because he is the judge who heard the suit filed by the Defendant in Circuit Court. Defendant's reason is that Judge Muszynski heard the testimony of a witness, who has since died. Only he could decide the credibility of that witness. Upon request of counsel, this Court spoke to Judge Muszynski whether he had any recollection of the deceased witness' credibility. After reviewing his notes, Judge Muszynski stated he had no such recollection. Therefore, this court will hear both the eviction and counterclaim for damages. The court recommends that the attorneys consolidate the other circuit court case with the case at bar so that one judge will hear all matters.

---

[5] Pursuant to the attached administrative order, once the case is transferred to the Circuit Court, it should be heard by the County Judge acting in his Circuit Court capacity.

# APPENDIX

IN THE CIRCUIT COURT OF
FLORIDA, NINTH JUDICIAL
CIRCUIT, ORANGE COUNTY

ADMINISTRATIVE ORDER

WHEREAS, civil cases filed in County Court have, from time to time, responsive pleadings filed which invoke the jurisdiction of the Circuit Court, and

WHEREAS, the County Judge handling such a case is familiar with it and therefore it would be in the best interest of justice to have the Judge already familiar with it hear all matters;

NOW, THEREFORE, the following procedures will be used regarding such cases:

1. The case will be transferred to the Circuit Court and assigned a Circuit Civil number.

2. The County Judge, if he or she is eligible to hear Circuit Court matters, shall be assigned by the Chief Judge or the Administrative Judge of the Civil Division of the Circuit Court to act as a Circuit Judge for purposes of that case in order to hear and dispose of all matters involved in the case.

3. This Administrative Order complements the prior administrative order generally appointing all eligible County Judges Acting Circuit Court Judges, and this order is entered pursuant to Rule 2.050, Florida Rules of Judicial Administration.

DONE AND ORDERED at Orlando, Florida, this 26 day of September, 1983.

George N. Diamantis
Chief Judge

07-83-08

42

34.01  Jurisdiction of county court.--

(1)  County courts shall have original jurisdiction in all misdemeanor cases not cognizable by the circuit courts, of all violations of municipal and county ordinances, and of all actions at law in which the matter in controversy does not exceed the sum of $2,500, exclusive of interest, and costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts.

Section 2.  Subsection (2) of section 34.011, Florida Statutes, is amended to read:

34.011  Jurisdiction in landlord and tenant cases.--

(2)  The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except as provided in s. 26.012.  In cases transferred to the circuit court pursuant to Rule 1.170(j), Florida Rules of Civil Procedure, or Rule 7.100(a), Florida Rules of Summary Procedure, the demands of all parties shall be resolved by the circuit court.

Section 3.  This act shall not affect any actions at law filed prior to the effective date of this act.

Section 4.  This act shall take effect October 1, 1977.

Approved by the Governor June 8, 1977.

Filed in Office Secretary of State June 8, 1977.