# BOARD OF COUNTY COMMISSIONERS, PALM BEACH COUNTY v JERRY'S OF PALM BEACH, INC.

## Case No. M-86-4378-C

County Court, Palm Beach County

May 16, 1986

### APPEARANCES OF COUNSEL

**Gordon P. Selfridge,** Assistant County Attorney, for plaintiff.

**Anne Longman, Messer, Vickers, Caparello, French & Madsen,** for plaintiff.

**Justus Reid, Reid & Ricca, P.A.,** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court on May 7, 1986 upon Defendant's Motion to Transfer this case to the circuit court. Both sides were present through their attorneys. The Court has considered the arguments of counsel and has reviewed the court file and memoranda supplied by the parties.

### The Pleadings

Plaintiff's Complaint seeks to remove Defendant from certain space

at the Palm Beach International Airport. Under a lease and three amendments attached to the Complaint, Defendant operates a food and drink concession at the airport terminal. Plaintiff contends that Defendant breached certain conditions of the lease. Pursuant to the applicable notice provisions of the lease, Plaintiff gave Defendant a ninety day notice of cancellation on December 18, 1985.

During the ninety day notice period, Defendant filed a separate action in circuit court seeking injunctive and declaratory relief, as well as damages in excess of $5,000.00 In addition to the assertion that Defendant is entitled to continue operation of the food and drink concession, Defendant's circuit court action also seeks a declaration of rights concerning the operation of a gift shop concession in the airport terminal facility now under construction.

Defendant answered Plaintiff's eviction Complaint. As a Counterclaim in this action, Defendant asserted the circuit court Complaint it had previously filed. Defendant moved to transfer this case to circuit court, alleging *inter alia*, that its Counterclaim involved matters exclusively within the jurisdiction of the circuit court.

### Conclusions of Law

1. Contrary to Defendant's assertion, Plaintiff's action is one "relating to the right of possession of real property" within the meaning of Section 34.011(2), Florida Statutes (1985) and not solely a concession agreement which falls outside the ambit of that statute. The predominant characteristics of the documents attached to the Complaint are those of a lease of real property.

2. In 1974, the legislature vested exclusive jurisdiction over landlord and tenant cases in the county court. Ch. 74-209, Law of Florida; *Kugeares v. Casino, Inc.*, 372 So.2d 1132, 1133 (Fla. 2d DCA 1979). After 1974, Section 34.011(2) provided as follows:

The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except as provided in s. 26.012. Section 34.011(2), Fla. Stat. (1977).

In 1977, the Florida legislature amended Section 34.011(2) by adding a second sentence, which provides as follows:

. . . In cases transferred to the circuit court pursuant to Rule 1.170(j), Florida Rules of Civil Procedure, or Rule 7.100(a), Florida Rules of Summary Procedure, the demands of all parties shall be resolved by the circuit court. S 34.011(2), Fla. Stat. (1985), as amended by Ch. 77-135, Laws of Florida.

46

The first and second sentences of Section 34.011(2) are in apparent conflict. If the county court's jurisdiction over real property possession cases is in fact "exclusive", then the circuit court would not be authorized to hear landlord and tenant cases under any circumstances. 21 C.J.S. *Courts* S 18 (1940). Yet the second sentence of the statute plainly confers jurisdiction with the circuit court in the event of Rule 1.170(j) transfers. Where a statute is internally inconsistent, it is the last expression of the legislative will that prevails. *Askew v. Schuster*, 331 So.2d 297, 300 (Fla. 1976); *State v. Dunman*, 427 So.2d 166, 168 (Fla. 1983). Accordingly, in those real property possession cases where a Rule 1.170(j) transfer is authorized, the entire matter should be transferred to circuit court. *Accord, Wisconsin Real Estate Investment Trust v. Rouse*, 12 Fla. Supp. 2d 39, 40 (Orange Cty. Ct. 1985); *see, CKN Airways, Inc. v. Flagler County*, 441 So.2d 1103, 1104 (Fla. 5th DCA 1983) (where the court held that the circuit court had jurisdiction over an eviction action originally filed in circuit court because the tenant responded with a counterclaim seeking damages in excess of $5,000).

3. In determining whether a Rule 1.170(j) transfer is appropriate, a county court may properly examine a counterclaim to determine if it states an enforceable cause of action, *Davis v. Flato*, 210 So. 2d 16, 18 (Fla. 4th DCA 1968), or to rule on a motion to strike the counterclaim as a sham pleading. *City of Miami v. Jafra Steel Corporation*, 184 So. 2d 178 (Fla. 1966). A counterclaim raising nothing more than an equitable defense to an eviction is insufficient to justify a transfer. *See, Wisconsin Real Estate Investment Trust v. Rouse*, 466 So.2d 289, 290 (Fla. 5th DCA 1985); *Palm Corporation v. 183rd Street Theater Corporation*, 344 So.2d 252 (Fla. 3d DCA 1977). Similarly, a claim for anticipatory breach of a lease does not warrant a transfer if a favorable result for the tenant in the eviction action would moot the tenant's claim for damages. *See, Flamingo Blueprint, Inc. v. Monumental Properties of Florida, Inc.*, 358 So.2d 86, 87 (Fla. 3d DCA 1978).

In the case at bar, Defendant's Counterclaim includes an action for declaratory relief concerning its right to maintain a gift concession in the new terminal at the airport. As a claim distinct from Plaintiff's eviction action concerning the food and beverage lease, Defendant has thus filed a permissive counterclaim pursuant to Florida Rule of Civil Procedure 1.170(b). For the purpose of transfer, Rule 1.170(j) does not distinguish between permissive and compulsory counterclaims. *See, Davis v. Flato*, 210 So.2d at 18. The Circuit Court has exclusive jurisdiction over actions for declaratory judgment. §§ 86.011, 26.012, Fla. Stat. (1985). Rule 1.170(j) makes transfer of an entire action

mandatory if the relief requested exceeds the jurisdiction of the county court.

4. Plaintiff cites certain cases ostensibly authorizing a bifurcation of evictions from actions for damages in excess of $5,000.00. *State v. Blanton*, 195 So. 2d 870 (Fla. 3d DCA 1967); *Davis v. Flato*, 210 So. 2d at 18 (Dictum). *Blanton* was decided at a time when the lower court had exclusive jurisdiction over landlord and tenant cases. In citing *Blanton*, *Davis* reiterated that Rule 1.170(j) cannot divest a lower court of its exclusive jurisdiction over a statutory proceeding. The 1977 amendment to Section 34.011(2) endowed the circuit court with jurisdiction over eviction cases arriving by way of a Rule 1.170(j) transfer. Therefore, the justification for bifurcation allowed in *Blanton* is no longer viable.

5. Local Administrative Order 1.003-1/85 authorizes this Court to preside over a transfer case as an Acting Circuit Court Judge. Local Administrative Order 2.003-5/81 requires companion cases to be assigned to the judge to whom the lowest numbered case is assigned.

Based on the foregoing, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion to Transfer this cause to the Circuit Court is granted. Defendant shall have fifteen (15) days from the date of this Order within which to file the Clerk's service charge for transfer.

2. Once Defendant files the service charge, the Clerk is directed to transfer this action to circuit court and to assign this case to Division I of the Circuit Court.

3. Plaintiff's Motion to Abate or Dismiss the Counterclaim is denied.

DONE AND ORDERED in West Palm Beach, Florida this 16th day of May, 1986.