561 So.2d 590 (1990)
A-One COIN LAUNDRY EQUIPMENT CO., Appellant/Cross-Appellee,
v.
WATERSIDE TOWERS CONDOMINIUM ASSOCIATION, INC., Appellee/Cross-Appellant.
No. 89-2588.
District Court of Appeal of Florida, Third District.
February 27, 1990.
Rehearing and Rehearing Denied June 21, 1990.
*591 Ferdie & Gouz, Coral Gables, and Marshall A. Adams, for appellant.
Hyman & Kaplan, Miami, and Robert E. Goldman, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
Rehearing and Rehearing In Banc Denied June 21, 1990.
COPE, Judge.
A-One Coin Laundry Equipment Company appeals a final judgment of eviction from the premises of Waterside Towers Condominium. Waterside cross-appeals the trial court's denial of its demand for double rent by reason of a holdover tenancy. We affirm but remand for correction of the judgment.
The threshold question is whether we have jurisdiction. The present litigation arises out of a written lease between the parties, pursuant to which A-One operates coin laundry equipment on the premises of Waterside. The lease was entered into in 1983, prior to assumption of control of the condominium association by the unit owners. In February, 1988 control of the condominium association was turned over to the unit owners. Later that year, Waterside terminated the lease. See § 718.302, Fla. Stat. (1987).
After A-One declined to vacate the premises, Waterside brought an action for eviction in county court. See § 34.011(2), Fla. Stat. (1987). A-One counterclaimed for equitable and declaratory relief. As the counterclaim was within the jurisdiction of the circuit court, § 26.012, Fla. Stat. (1987), the county court transferred the counterclaim to the circuit court. See Fla.R.Civ.P. 1.170(j); § 34.011(2), Fla. Stat. (1987). The circuit court then designated the county judge as an acting circuit judge for purposes of hearing the action. The case proceeded to trial, at which A-One voluntarily dismissed its counterclaim, leaving plaintiff's original county court complaint as the only matter pending. The trial court found for Waterside on its eviction claim and entered judgment as county court. The trial court evidently reasoned that it had, at all times, retained jurisdiction of the original county court complaint, and had only transferred the counterclaim to the circuit court.
A-One filed a notice of appeal to the appellate division of the circuit court. Waterside moved pursuant to Rule 9.040(b), Florida Rules of Appellate Procedure, to transfer the appeal to this court. That motion was granted.
We conclude that the appellate division was correct in transferring the appeal to this court. We reach that result because we conclude that the trial court was, in fact, sitting as the circuit court when it adjudicated plaintiff's claim.
Rule 1.170(j), Florida Rules of Civil Procedure, provides, in part:
If the demand of any counterclaim or cross-claim exceeds the jurisdiction of the court in which the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand in the counterclaim or cross-claim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action ... to the proper court.... The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties.

(Emphasis added).
Notwithstanding the apparently clear requirement that the entire action be transferred to the circuit court where there is a counterclaim exceeding county court jurisdiction, this court in State ex rel. Attias v. Blanton, 195 So.2d 870 (Fla. 3d DCA 1967), recognized an exception where the plaintiff's claim involved an action to remove a tenant, which was at that time within the exclusive jurisdiction of the civil court of record. The Attias decision approved the *592 procedure of transferring the counterclaim to the circuit court and leaving the main claim pending in the civil court of record. Our court's opinion reasoned by analogy to the statutory jurisdictional provisions relating to the county court. See id. at 872.
In 1977, the legislature amended the county court jurisdictional statute. Ch. 77-135, s. 2, Laws of Fla.; see Art. V, § 6(b) Fla. Const. (1968, as amended). The amendment added a new sentence to subsection 34.011(2), Florida Statutes, so that the statute now provides:
The county court shall have exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except as provided in s. 26.012. In cases transferred to the circuit court pursuant to Rule 1.170(j), Florida Rules of Civil Procedure, or Rule 7.100(a), Florida Rules of Summary Procedure, the demands of all parties shall be resolved by the circuit court.

§ 34.011(2), Fla. Stat. (1987) (emphasis added).
The effect of the 1977 amendment was to redefine the county court's jurisdiction so that when a transfer is made pursuant to Rule 1.170(j), jurisdiction of the entire action is transferred to the circuit court. The amendment removed the underpinning of the Attias decision, which no longer has vitality.
In the present case the effect of the order transferring the counterclaim to the circuit court was to transfer the entire action to the circuit court. The order designating the county judge an acting circuit judge by its terms made the appointment for the entire action, not just for the counterclaim. Thus, the trial judge was properly invested with the power to act as the circuit judge and adjudicate the entirety of the transferred action. Since the trial judge was clothed with the authority to render the adjudication, it is only necessary that there be a remand for correction of the judgment to reflect that it was a decree of the circuit court, not the county court. As the matter was properly before the circuit court, it follows that the appeal lies in this court and that the appellate division was correct in transferring the appeal to our court.
With regard to the merits, first, we agree with the trial court that an action under section 718.302, Florida Statutes (1987), is an action for possession of real property within the meaning of subsection 34.011(2), Florida Statutes (1987), which is within the county court jurisdiction. The plaintiff was correct in filing its action in the county court in the first instance. We reject A-One's argument to the contrary.
Second, in the present case the developer went into bankruptcy prior to the turnover of the condominium association to the unit owners. At the time the A-One contract was entered into, the two bankruptcy trustees comprised a majority of the board of directors. A-One argues that the board of directors had passed beyond the control of the developer, and therefore the remedies of section 718.302 are unavailable. We disagree. The bankruptcy trustees had simply stepped into the shoes of the developer for purposes of section 718.302. In the present case control of the condominium association did not pass to the unit owners until 1988.
Third, we affirm the judgment for eviction, on the following analysis. The 1983 lease provided, in pertinent part:
The initial Lease term shall be the term as stated herein [seven years] or, if not enforceable, the maximum term permitted under applicable law at the time of commencement, or as subsequently amended, whichever is the greater. Entire Agreement subject to provision [sic] of Florida Statute 718.302... .
(Emphasis added). By virtue of the quoted language, the parties incorporated into the contract the provisions of section 718.302, Florida Statutes (1983). Insofar as applicable here, paragraph 718.302(1)(a) set forth a general rule which allowed the termination of a contract once the association was turned over to the unit owners. To this rule there was an exception, for leases *593 of "vending equipment to be used in common by unit owners ... at the condominium property." If the vending equipment lease met the criteria set forth in paragraph 718.302(1)(e), then the lease would be enforceable for a term of four years, and could only be cancelled after expiration of the four years. Id.
In 1984 the legislature amended the statute and increased the vending machine exception so that a qualifying vending machine lease would be enforceable for seven years, rather than four years. Because the lease expressly adopted any statutory amendment which would extend the term of enforceability of the lease, the 1984 statute is the one applicable here.[1]See Angora Enterprises, Inc. v. Cole, 439 So.2d 832, 834 (Fla. 1983) (contract will be enforced where parties intended to be bound by future amendments to the condominium act), cert. denied, 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984). Here, the parties agreed to be bound by future amendments to the extent that the future amendments made the term of enforceability longer than that permitted by section 718.302(1)(e), Florida Statutes (1983).
As a procedural matter, Waterside terminated the lease and brought the action for eviction. In order to escape the general termination provision of paragraph 718.302(1)(a), Fla. Stat. (Supp. 1984), it was incumbent on A-One to plead, as an affirmative defense, the applicability of the vending machine exception, paragraph 718.302(1)(e). See Sanchez v. Mercy Hospital, 386 So.2d 42 (Fla. 3d DCA 1980) (affirmative defenses not appearing on face of complaint must be pled in an answer). This A-One did.
At trial, after Waterside had made its prima facie case, the burden was on A-One to prove the elements of paragraph 718.302(1)(e) as its affirmative defense. Among other things, A-One needed to establish that it was "independent of the developer"; that the agreement was "fair and reasonable and in substantial conformity with those prevailing in agreements for similar purposes in the locality"; that the vending equipment was "new and unused when originally installed on the condominium property and meets applicable nationally recognized standards for fitness and safety"; that "[t]he association has no obligation under the agreement to maintain or repair the vending equipment, and the owner of the vending equipment is obligated to make periodic inspections (not less frequently than monthly) and to ensure that all of the same remain in good working order"; and that the "agreement contains the entire understanding of the parties... ." § 718.302(1)(e)1 a-f, Fla. Stat. (Supp. 1984). A-One was also obliged to show that it satisfied the service standards set forth in subparagraph 718.302(1)(e)2. In the event that any of the statutory criteria were not met, then the A-One lease would not qualify under the vending machine exception, and the general termination provision of paragraph 718.302(1)(a) would apply.
At trial, after Waterside put on its case, A-One rested without putting on any evidence. Since A-One failed to establish the elements of the vending machine exception, the exception was unavailable and the trial court correctly ruled that Waterside was entitled to cancel the lease.[2]
*594 By cross-appeal Waterside contends that the trial court erred in not awarding double rent for the period of time subsequent to cancellation of the lease, pursuant to section 83.06, Florida Statutes (1987). We disagree. Under the established decisional law, the trial court ruling was entirely correct. Wagner v. Rice, 97 So.2d 267, 269-70 (Fla. 1957).
Affirmed; remanded for correction of judgment.
NOTES
[1] Because the contract only incorporated subsequent amendments which extended the term of enforceability, the 1986 amendment repealing the vending machine exception, Ch. 86-175, § 43, Laws of Fla., is not applicable here.
[2] A-One contends that it was Waterside's burden to negate the elements of the vending machine exception. A-One contends, therefore, that Waterside bore the burden to prove that the lease was unfair or unreasonable, or that the lease otherwise did not fit within the exception. That contention would have more force if the statute applied to all vending machine leases. It does not. A vending machine lease qualifies only if it meets the enumerated statutory criteria; otherwise the general rule of immediate termination is applicable. The burden of proof will generally follow the burden of pleading the affirmative defense. See, e.g., Wagner v. Wagner, 196 So.2d 453, 454 (Fla. 4th DCA 1967). Moreover, a number of the enumerated statutory criteria depend on information which is much more likely to be within the knowledge of the lessee rather than the lessor, e.g., § 718.302(1)(e)1 b; see Ferry-Morse Seed Co. v. Hitchcock, 426 So.2d 958, 961 (Fla. 1983) (burden of proof generally falls on party asserting affirmative of an issue).