WILLIAM HOCKER, PLAINTIFF IN ERROR, VS. WESTERN UNION TELEGRAPH COMPANY, DEFENDANT IN ERROR.

45   363
f53   502

45   363
56   592

1. A suit against a foreign corporation doing business in this State may under section 1001 Revised Statutes be instituted in any county in which the company has an agent or other representative.

2. The damages claimed in a suit to recover the difference between the price at which a contract for cotton would have been sold had the defendant done its duty and a lower price at which it was sold as the result of defendant's negligence are not too remote, speculative or contingent for recovery.

3. The deposit of a margin for the protection of a broker buying cotton on the stock exchange for another does not necessarily imply that the contract is one where no goods are to be delivered, but only a difference in price to be paid.

4. Where the contrary does not appear, the presumption is that the parties to a contract intend that which is legal.

5. An allegation that the defendant telegraph company had received a second message, and, with knowledge of the facts, agreed to transmit it for the purpose of revoking or modifying an earlier message received by it for immediate transmission, and had wilfully, carelessly and negligently neglected to send the first message at once, and delivered the last message first whereby the first revoked the last in violation of the defendant's undertaking, sufficiently alleges negligence on the part of the defendant.

6. On sending a second message by telegraph, seventy minutes

after the first, for the purpose of revoking or modifying the first who explains the situation to the telegraph company receiving them for transmission and contracts that they shall be so transmitted and delivered as to accomplish the desired result, is not, by his failure to make the messages show on their face which is later, guilty of such negligence as to bar recovery for damages sustained by the defendant's neglect.

7. An allegation that the defendant telegraph company negligently delivered a second message sent from one office after the first message sent from another, with nothing to show either a contract or a duty to deliver them in the order in which they were received for transmission at the different offices, states no cause of action.

8. An allegation that the defendant had a careless and incompetent agent in charge of its office, with no averment that he was careless or incompetent in the performance of the act which forms the subject-matter of the litigation, states no cause of action.

This case was decided by Division B.

Writ of Error to the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*R. L. Anderson,* for Plaintiff in Error;

*John E. Hartridge,* for Defendant in Error.

MAXWELL, J. .

The plaintiff, through Murphy & Co., brokers in Savannah, Ga., made a contract on the New York Exchange for the purchase of seven hundred bales of cotton to be delivered in August following. To protect the brokers

in carrying this contract he had deposited with them $595, and they were to hold the contract of purchase for his benefit so long as the deposit protected them, and to sell under his direction. At 7 o'clock A. M. on June 9th he telegraphed his brokers through one of the Jacksonville offices of the defendant company to "close contracts on decline of two points after reaching six cents." An hour and ten minutes later, for the purpose of modifying these instructions, he sent them through another office of the defendant in Jacksonville a message, "sell my contracts to close on decline of two points." The defendant inverted their order in delivering these messages, and the brokers regarded the message first sent as containing their final instructions. The price of cotton fell without reaching six cents, and instead of selling after a decline of two points, the brokers held the contract until the margin was covered by the decline in price and then sold. The plaintiff sued to recover the loss so sustained, alleging negligence on the part of the defendant in the delivery of the messages.

The declaration contains six counts, five of them based upon this transaction. A demurrer was filed to the declaration which was sustained, and final judgment was entered for the defendant, from which the plaintiff sued out writ of error from this court.

The second count of the declaration alleges that for a valuable consideration the defendant undertook to send the first message to its destination at once, and that it undertook for a valuable consideration to correctly deliver the second, "which said message was agreed by the defendant with the plaintiff to be received by it for the purpose, and was intended by the plaintiff to revoke or modify the said instructions contained in the said first telegram, which said instruction was then and there, before

the delivery of said message to defendant, explained to defendants, * * * but that the defendant wilfully, carelessly and negligently neglected to send said first mentioned message at once, and delivered to said Murphy & Company the said last of said messages before it delivered to them the said first, of said messages, whereby the said first mentioned message modified or revoked the said last mentioned message, contrary to the said intention of the plaintiff, and in violation of the undertaking of the defendant." It further alleges that after the receipt of the messages by Murphy & Company the price of cotton, without reaching six cents, declined from 5 97-100 cents to 5 76-100 cents per pound, at which price the brokers sold to protect themselves, whereby plaintiff lost the difference in price between a sale at two points below 5 97-100, or 5 95-100 cents per pound, and the sale actually made.

The first ground of defendant's demurrer is that the declaration shows upon its face that this suit was not begun in the county where the defendant has its principal office and place of business or where the cause of action accrued. We find nothing in the declaration to indicate that the defendant, as contended, has its principal office in Duval county; but this is immaterial. The defendant is a foreign corporation doing business in this State, and under provisions of section 1001 of the Revised Statutes may be sued in any county "wherein such company may have an agent or other representative."

Under the second and third grounds of demurrer it is urged that the damages claimed are too speculative, remote, contingent, and conjectural, and are dependent upon elements uncertain and contingent in their character. This contention is not well founded. The amount claimed is the difference between a certain price at which

plaintiff's contract was sold and a definite and determined price at which it would have been sold had the messages been properly delivered. It is true that until the actual sale was made the ultimate result of the mistake in the messages was contingent and speculative, being depandent upon the fluctuations of the market. This uncertainty was determined, however, by the making of the sale as finally affected, and will no more bar recovery of the damages sustained in this case than in one where a defendant should refuse to take goods which he had contracted to purchase, and which are subsequently sold on a falling market to another for a less price, the amount of which cannot be predicted until the sale is made. 2 Thompson on Negligence, section 2461.

The fourth ground of demurrer is that the messages in question related to a contract pertaining to cotton futures and margining cotton which was against public policy, illegal and void. There is a conflict of authority as to whether in the absence of Statute such contracts are invalid. In the present case the question does not arise. The contract was undoubtedly good if the intention of the parties was to make an actual sale and delivery of the cotton contracted for, and there is nothing in the declaration to show that this was not the case. The mere fact that a margin was deposited with the broker does not necessarily stamp it as a contract where no goods were to pass, but only a difference in price was to be paid (Peters v. Grim, 149 Pa. St. 163, 24 Atl. Rep. 192; Hopkins v. O'Kane, 169 Pa. St. 478, 32 Atl. Rep. 421; Sheehy v. Shinn, 103 Cal. 325, 37 Pac. Rep. 393; Dewey on Contracts for Future Delivery and Commercial Wagers, 106, 214), and the presumption where the contrary does not appear is that the parties intended such contract as was lawful. Irwin v. Williar, 110 U. S. 499, text 510, 4 Sup.

Ct. Rep. 160; Clews v. Jaimeson, 182 U. S. 461, 21 Sup. Ct. Rep. 845;Dewey on Contracts for Future Delivery and Commercial Wagers, 45. If we assume, then, that speculating in futures where no property is intended to pass is illegal under the law governing this contract, the declaration will still be good as against this demurrer, as the invalidity of the transaction does not appear upon its face.

The fifth ground of demurrer is that the declaration shows no negligence on the part of the defendant. The declaration alleges that the defendant, with full knowledge of the facts, contracted to send the second message for the purpose of revoking or modifying the first. This might readily have been done in such way as to effect the purpose intended by observing the correct order of priority in delivering the messages, or by indicating on the messages the time at which each was received for transmission. The declaration alleges that the defendant wilfully, carelessly and negligently neglected to send the first message promptly, and so delivered them as to work the injury complained of. It certainly cannot be said as matter of law that no state of facts which might be shown under the allegations of this declaration would convict the defendant of negligence, and this ground of demurrer cannot be sustained.

The remaining grounds of the demurrer suggests negligence on the part of plaintiff in sending these messages with so short an interval of time between them without so framing them as to show on their face which controlled. This might be urged with more force had the plaintiff sent the second message within seventy minutes of the first and from a different office without precaution as to their proper delivery and trusting to chance as to the time in which each would in the office receiving it be reached

for transmission and delivery. But this is not the case made by this count. Its averments are that the situation was explained to the defendant in delivering the second message for transmission, and that this was agreed to be received for the purpose of revoking or modifying the first. The plaintiff had a right to presume that an agreement so made would be performed, and this reliance does not constitute such negligence as to debar recovery for a loss sustained by reason of the defendant's wilful or negligent default.

The demurrer as to the second count should have been overruled.

The first, fourth and fifth counts do not question the delivery of each message with reasonable diligence, and allege no facts showing any duty resting upon the defendant to deliver the messages, which were sent from different offices, in the same order in which they were received at the respective offices for transmission. The allegations therein that the defendant negligently delivered the second message before the first therefore state no cause of action.

Treating the third count as the parties do, as based upon negligence, it is defective, for while it alleges that the defendant had a careless and incompetent agent in charge of the office from which the first message was sent, it does not allege that this negligence entered into or affected the acts complained of in the count, and it should be held bad on demurrer.

The validity of the sixth count is not contended for by the plaintiff.

The judgment of the lower court in sustaining the demurrer to the plaintiff's declaration and entering judgment for the defendant is reversed, and the cause remanded for further proceedings in accordance with law.