143 So.2d 66 (1962)
TAYLOR IMPORTED MOTORS, INC., a Florida Corporation, Appellant,
v.
Robert L. SMILEY, Doing Business As Ace Taxi, and George Richard Colton, Appellees.
No. 2735.
District Court of Appeal of Florida. Second District.
June 29, 1962.
Rehearing Denied July 25, 1962.
*67 Henry W. Jewett, West Palm Beach, for appellant.
Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellees.
McMULLEN, NEIL C., Associate Judge.
This action claimed damages for loss of profit caused by loss of a sale of an automobile because defendants tortiously damaged it. No claim is asserted having relationship to the actual damages to the automobile nor is the extent of such damage disclosed in the pleadings under question. The appeal is from a Final Judgment entered on an Order Granting the Motion of Defendants-Appellees to Dismiss Appellant's Amended Complaint for failure "to state a claim upon which relief can be granted * * *" The Amended Complaint alleged Plaintiff was a dealer in unique foreign automobiles and to fulfill a sales contract, he "procured" from a Miami dealer a particular, black 1960 Mercedes-Benz. Plaintiff had prior thereto entered into the contract to sell this particular type automobile for a profit; prior to delivery to Plaintiff's purchaser, it was damaged by the negligent act of Defendants; as a result, he was unable to complete his contract of sale to his purchaser, who refused it; this was the only automobile filling specifications in the South Florida area; he thereby lost the profit he would have derived from the sale and is out certain expense of transporting the automobile to and from Miami.
The Order Granting Motion to Dismiss the Amended Complaint gave as grounds:
"It appears to the Court that the plaintiff's damages were not the natural and probable consequences of the tortious act alleged and did not ordinarily or naturally flow from the same; nor were such damages within the reasonable contemplation of the parties."
The question to be determined is whether loss of profit and incidental expenses occasioned by the loss of a sale of an automobile is recoverable as a measure of damages under the facts here alleged.
The governing principal of law is stated in 15 Am.Jur., Damages, Sec. 66, as follows:
"* * * The damages cannot properly include compensation for injuries which are remote from the wrongful act or which are of an uncertain or a speculative character * * * Remote damages are such as are the unusual and unexpected result, not reasonably to be anticipated from an accidental or unusual combination of circumstances  a result beyond and over which the negligent party has no control."
The actual damage to the automobile itself would be recoverable by the real party in interest. The measure of those damages is well settled, and conceded by both parties, to be the difference between the market value immediately before and after the accident together with essential expenses incurred and the value of time spent in restoring or preserving the property. But the Plaintiff here by his pleadings has restricted his claim solely to loss of profits and the expenses occasioned in engaging upon this collateral transaction.
The claim here must rest upon pure tort law principals. Appellant and Appellees agree there is no Florida case directly in point. In this state, recoverable damages *68 occasioned by a tort include all damages which are a natural, proximate, probable or direct consequence of the act, but do not include remote consequences. See Mansfield v. Brigham, 1926, 91 Fla. 109, 107 So. 336; Florida East Coast Ry. Co. v. Peters, 1919, 77 Fla. 411, 83 So. 559; Warfield v. Hepburn, 1912, 62 Fla. 409, 418, 57 So. 618; Hall v. Western Union Tel. Co., 1910, 59 Fla. 275, 51 So. 819, 27 L.R.A.,N.S., 639; Vaughan's Seed Store v. Stringfellow, 1908, 56 Fla. 708, 48 So. 410; Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 1908, 55 Fla. 514, 46 So. 732, 20 L.R.A.,N.S., 92; Briggs v. Brown, 1908, 55 Fla. 417, 46 So. 325.
In the case of Brock v. Gale, 1874, 14 Fla. 523, Defendant's loss of Plaintiff's dental tools justified recovery of their market value, but not loss of the dentist's profit or income from not being able to practice his profession until the tools were replaced, the latter being too remote.
In the case of Bayshore Development Co. v. Bonfoey, 1918, 75 Fla. 455, 78 So. 507, L.R.A. 1918D, 889, the difference between the value of a building as designed and constructed and its value as properly designed and constructed was recoverable, but not the loss of rentals or delays in occupancy, the latter being too remote.
In the case of State ex rel. Peters v. Hendry, 1947, 159 Fla. 210, 31 So.2d 254, although damage to a dragline was not passed on, it was held that loss of profit from depreciated sale value of cattle made sick and debilitated because, due to a breach of warranty of fitness, the dragline was not available to prepare proper drainage for their grazing lands was not recoverable as being too remote.
Although the claim in each of these cases is based on a contractual relationship between plaintiff and defendant, they give some guide in determining what is remote. The closest thing to a guide for us is the following statement from Mortellaro & Co. v. Atlantic Coast Line R. Co., 1926, 91 Fla. 230, 107 So. 528, where our Supreme Court affirmed the lower court in striking a claim which they construed to be for loss of profits in the following words:
"But * * * the court was without error in striking the claim for loss to plaintiffs' business by reason of the damage to the truck, which is tantamount to a claim for loss of profits, on the facts alleged in the declaration, and under the former decisions of this court, and those of other jurisdiction. * * *"
It is significant to note also in the last cited case, there was no question involved of plaintiff's ownership. In the case at bar, however, the plaintiff has based his claim on the allegation that he had "procured" the automobile, but has failed to allege clearly where ownership lies or who the real party in interest may be. Under the pleadings in the case at bar, plaintiff's claim for loss of profits and expenses is too remote from the tort-feasor to recover. We affirm the ruling of the lower court.
In some circumstances the general rule, also followed in this State, permits recovery of loss of profits. The following Florida cases have applied or made reference to the general rule allowing damages for loss of profits, but do not govern the facts here involved. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 1935, 122 Fla. 718, 166 So. 856; Twyman v. Roell, 1936, 123 Fla. 2, 166 So. 215; Hocker v. Western Union Tel. Co., 1903, 45 Fla. 363, 34 So. 901; Robinson v. Hyer, 1895, 35 Fla. 544, 17 So. 745. For a further discussion of this topic see 9 Fla.Jur., Damages, Sec. 78, et seq.; 7 F.L.P., Damages, Sec. 16; and 15 Am.Jur., Damages, Sec. 149, et seq.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.