307 So.2d 244 (1974)
Theodora EDWARDS, a/k/a Teddy Edwards, Appellant,
v.
NATIONAL AIRLINES, INC., Appellee.
No. 74-552.
District Court of Appeal of Florida, Fourth District.
December 27, 1974.
Rehearing Denied February 7, 1975.
Harry S. Raleigh, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant.
James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellee.
WALDEN, Judge.
This is an airplane hijack case.
Plaintiff's complaint is based upon theories of negligence and breach of contract. She plead that she was a paying passenger on board defendant's airplane enroute from Miami to Jacksonville when the plane was hijacked to Cuba.
*245 Our problem is damages. We illuminate and refine it by quoting from the defendant airline's brief:
"For purposes of this appeal, National will concede that the plaintiff's allegations of negligence involving the hijacking and her allegations regarding a contract of carriage are sufficient to withstand a motion to dismiss. However, National contends that its alleged negligence was not, as a matter of law, the proximate cause of the plaintiff's injuries and further, that her damages are too remote to be legally compensable... ."
Defendant states the question:
"Whether the damages which plaintiff asserts to be a proximate result of National's negligence or breach of contract of carriage are too remote to be recoverable?"
What are the plaintiff's pertinent allegations? She says:
"5. That prior to July 24, 1971, many aircraft including the aircraft of NATIONAL AIRLINES, INC. had been hijacked to various foreign and domestic destinations and including the island of Cuba.
"6. That on various occasions when such hijackings took place the passengers of the hijacked aircraft were forced by authorities of the Cuban government to leave the aircraft in which they were riding, stay in facilities provided by the Cuban government and consume only those foods and drink provided by the authorities of the Cuban government.
"7. That it is a well known fact that the food provided on the island of Cuba and various South American and Caribbean countries when consumed may and often does cause serious gastrointestinal ailments to those not accustomed to its consumption.
* * * * * *
"9. That the Defendant knew or should have known that without the exercise of extreme care to prevent hijacking their passengers may again be subjected to the aforementioned foods and drink which had in the past caused serious gastrointestinal ailments.
* * * * * *
"13. That as a result of said hijacking and upon arrival on the island of Cuba, the Plaintiff was forced by authorities of the Cuban government to disembark from the airplane and reside in quarters furnished by the authorities of the Cuban government; and was provided various foods and drink by the Cuban authorities.
"14. That in order to sustain herself the Plaintiff was forced to consume the aforementioned food and drink provided by the Cuban authorities.
"15. That as the direct and proximate result of the negligence of the said Defendant in failing to provide any precautions whatsoever to guard against the possibility of hijack, the Plaintiff contracted a long term illness... ."
By way of paraphrasing, we understand plaintiff to have plead and assumed the burden of proving that the airline knew or should have known that by reason of its negligence and contractual breach in failing to prevent the hijack, its airplane containing plaintiff would be taken to Cuba and there detained by the Cuban authorities. Further, that the airline knew or should have known that plaintiff, while so detained, would be forced in order to sustain herself to consume dangerous and illness causing food and drink provided by the Cuban government. Finally, that plaintiff did consume such food and drink and thereby became ill by reason of which she seeks money damages.
It is our opinion that plaintiff's Complaint was sufficient to state a cause of action and that the claim for damages *246 was not so remote as to render it vulnerable to a motion to dismiss. Whether plaintiff can successfully prove the essentials of her claim, including proximate cause, is, of course, not before us. See Thomas v. Rollins, 298 So.2d 186 (D.C.A.Fla. 1st 1974).
We notice these basics:
(1) A motion to dismiss admits as being true all the well plead allegations of the complaint. It is the function of the Court simply to determine if these allegations make an actionable cause under applicable principles of law. See generally 25 Fla.Jur., Pleadings § 127 (1964).
(2) We know that a liberal construction must be accorded a complaint. Messana v. Maule Industries, Inc., 50 So.2d 874 (Fla. 1951). See Cohn v. Florida-Georgia Television Co., 218 So.2d 787 (D.C.A.Fla. 1st 1969).
(3) A motion to dismiss should not be granted simply because the complaint alleges improper elements of damages. Surely, here, the complaint was sufficient, even under the airline's view, as a predicate for nominal damages. See Western Union Telegraph Co. v. Milton, 53 Fla. 484, 43 So. 495 (1907); Arcade Steam Laundry v. Bass, 159 So.2d 915 (D.C.A. Fla.2d 1964). See, generally, 9A Fla.Jur., Damages § 134 (1972).
Back to the remoteness question. The general rule is that a person is liable in tort for all the consequences that reasonably and naturally flow or follow from his wrongful act, whether or not these consequences were actually contemplated or foreseen. Railway Express Agency v. Brabham, 62 So.2d 713 (Fla. 1952); King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659 (1913). Further, the intentional acts of third parties are not such supervening, intervening forces as will break the chain of causation when such forces could have been foreseen by the negligent defendant. Bullock v. Tamiami Trail Tours, Inc., 266 F.2d 326 (5th Cir.1959); King v. Dade County Board of Public Instruction, 286 So.2d 256 (D.C.A.Fla.3d 1973); Homan v. County of Dade, 248 So.2d 235 (D.C.A. Fla.3d 1971).
Viewed in the light of the above rules and the mentioned citations which we believe govern, it is our judgment that the trial court erred in dismissing the complaint as the damages as plead were not insufficient as a matter of law. Plaintiff's Amended Complaint should be reinstated.
Reversed.
OWEN, C.J., and MAGER, J., concur.