336 So.2d 545 (1976)
NATIONAL AIRLINES, INC., Petitioner,
v.
Theodora EDWARDS, a/K/a Teddy Edwards, Respondent.
No. 46,952.
Supreme Court of Florida.
May 12, 1976.
Mark Hicks, of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioner.
Harry S. Raleigh, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Fourth District, in Edwards, etc. v. National Airlines, Inc., reported at 307 So.2d 244 (Fla.App. 4, 1974), which conflicts with Taylor Imported Motors, Inc. v. Smiley, 143 So.2d 66 (Fla.App. 2, 1962), Kwoka v. Campbell, 296 So.2d 629 (Fla.App. 3, 1974), thus vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Constitution of Florida.
Respondent filed complaint for damages against petitioner wherein she alleged that on July 23, 1971, she purchased a ticket from petitioner at the Fort Lauderdale airport for a flight from Miami to Jacksonville, that on July 24, 1971, the aircraft on which she was a passenger was hijacked to Cuba, that petitioner knew or should have known that unless they exercised extreme care in screening and inspection of their passengers and baggage, that their aircraft may again be hijacked and that petitioner failed to take precautions against the possibility of hijacking. Respondent alleged that as a result of the hijacking, she was exposed to various foods and drink in Cuba, which caused her to become sick and to suffer a long term illness, physical and/or mental disability and loss of earning capacity. This complaint was dismissed on motion of petitioner for failure to state a cause of action without prejudice to respondent's filing an amended complaint which she did. In her amended complaint, respondent, in addition to the above allegations, alleged that the relationship between respondent and petitioner was that of passenger and carrier; that it is a *546 well-known fact that Cuban food causes gastrointestinal ailments to those not accustomed to its consumption; that because of its relationship with respondent, petitioner had a duty to take extreme precautions to prevent hijacking; that the plane was hijacked by persons using weapons and explosives which could have been discovered by routine inspection; that as a direct and proximate result of respondent's negligence in failing to provide precautions to guard against the possibility of hijacking, respondent contracted a long term illness resulting in mental and physical disability and loss of wage earning capacity. The second count of the amended complaint alleged breach of contract of carriage in that she entered into a contract of carriage and safe transport with petitioner wherein she agreed to pay for and petitioner agreed to provide safe passage from Miami to Jacksonville and that by reason of the breach she suffered mental and physical disability and loss of wage earning capacity.
Petitioner moved to dismiss the amended complaint for failure to state a cause of action upon which relief could be granted and on the ground that no ultimate facts are alleged, which if proved at the time of trial, would support a jury conclusion that petitioner was guilty of any negligent act or omission or that it breached any contract, resulting in damage to respondent. Petitioner further asserted in his motion to dismiss that under no theory does the law impose upon a common carrier the duty or obligation to protect the passengers from contracting illnesses.
After hearing, the trial judge granted the motion to dismiss and strike and dismissed the cause with prejudice.
Upon appeal, the District Court of Appeal, Fourth District, reversed the order of dismissal and opined:
"By way of paraphrasing, we understand plaintiff to have plead and assumed the burden of proving that the airline knew or should have known that by reason of its negligence and contractual breach in failing to prevent the hijack, its airplane containing plaintiff would be taken to Cuba and there detained by the Cuban authorities. Further, that the airline knew or should have known that plaintiff, while so detained, would be forced in order to sustain herself to consume dangerous and illness causing food and drink provided by the Cuban government. Finally, that plaintiff did consume such food and drink and thereby became ill by reason of which she seeks money damages.
"It is our opinion that plaintiff's Complaint was sufficient to state a cause of action and that the claim for damages was not so remote as to render it vulnerable to a motion to dismiss. Whether plaintiff can successfully prove the essentials of her claim, including proximate cause, is, of course, not before us.
* * * * * *
"Back to the remoteness question. The general rule is that a person is liable in tort for all the consequences that reasonably and naturally flow or follow from his wrongful act, whether or not these consequences were actually contemplated or foreseen.... Further, the intentional acts of third parties are not such supervening, intervening forces as will break the chain of causation when such forces could have been foreseen by the negligent defendant."
We find that the trial court properly dismissed the complaint and that the damages alleged by respondent to be a result of National's negligence or contract of carriage were too remote as a matter of law to be recoverable.
In Taylor Imported Motors, Inc. v. Smiley, supra, the District Court of Appeal, Second District, affirmed the dismissal of a complaint for damages on the basis that the damages were not the natural and probable consequences of the tortious act *547 and did not ordinarily and naturally flow from the same; nor were the damages within the reasonable contemplation of the parties. Therein, the District Court quoting with approval the following excerpt from 15 Am.Jur., Damages, Section 66:
"* * * The damages cannot properly include compensation for injuries which are remote from the wrongful act or which are of an uncertain or a speculative character * * * Remote damages are such as are the unusual and unexpected result, not reasonably to be anticipated from an accidental or unusual combination of circumstances  a result beyond and over which the negligent party has no control."
held that recoverable damages occasioned by a tort include all damages which are a natural, proximate, probable or direct consequence of the act, but do not include remote consequences. Cf. Peacock Motor Company of Marianna, Inc. v. Eubanks, 145 So.2d 498 (Fla.App. 1, 1962); State ex rel. Peters v. Hendry, et al., 159 Fla. 210, 31 So.2d 254 (1947), and Kwoka v. Campbell, supra.
By respondent's own admissions, the alleged injuries for which she seeks damages resulted from the active and efficient intervening cause of consumption of food and beverages which were obtained by respondent in Cuba. Cf. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla.App. 1, 1960), cert. den., 127 So.2d 441 (Fla. 1961); General Telephone Co. v. Mahr, 153 So.2d 13 (Fla.App. 2, 1963).
Affirming a summary judgment for the defendants, the District Court of Appeal in Kwoka v. Campbell, supra, opined:
"Appellants suggest that the issue is one of reasonable foreseeability and that only the jury can apply that test. This proposition cannot be true because under it every allegation of a breach of duty no matter how remote from an injury would result in a jury trial. The question of proximate cause is one for the court where there is an active and efficient intervening cause."
Assuming all the facts alleged in the complaint to be true, the alleged injuries for which damages were claimed and which resulted from the active, efficient, intervening cause of consumption of Cuban food and beverages were too remote to be recoverable, and, accordingly, the complaint was properly dismissed by the trial court as the damages plead were insufficient as a matter of law. Cf. Florida East Coast R. Co. v. Peters, 77 Fla. 411, 83 So. 559 (1919); Tampa Union Terminal Co. v. Richards, 108 Fla. 516, 146 So. 591 (1933); Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306, 104 A.L.R. 216 (1936); Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 So. 209 (1908); Brock v. Gale, 14 Fla. 523 (1874); Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Reprint 145 (1854).
For the foregoing reasons, the decision of the District Court of Appeal is quashed and the cause remanded with directions to reinstate the order of dismissal by the trial court.
It is so ordered.
ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, J., dissents with an opinion, with which OVERTON, C.J., concurs.
OVERTON, C.J., dissents.
ENGLAND, Justice (dissenting).
Once more I am compelled to register my disagreement with the Court's determination to accept jurisdiction of a case in which there is no clear conflict of appellate decisions. In this case I happen to concur with the Court's conclusion concerning the dismissal of respondent's lawsuit, a matter which is without legal consequence but which makes this case particularly suited to an expression of my opinion on jurisdiction.
*548 We are a court of limited jurisdiction. Article V, § 3(b), Florida Constitution. In this case we were invited to review the district court's decision on the basis of an asserted "direct conflict" between that decision and those of other Florida appellate courts, under Section 3(b)(3) of Article V. I cannot find the requisite conflict with the decisions on which the Court relies, and as a consequence I must leave uncorrected an error which I perceive in a final judgment of one of our district courts. As difficult as that may be for those of us who possess some color of power to correct that error, I believe the Constitution directs my colleagues and me to keep our opinions to ourselves in the absence of an appropriate jurisdictional ground to voice them.
Apparently mine is a minority view, and a majority of the Court seem inclined to continue "finding" conflict in those district court decisions they do not like. That is their unreviewable prerogative, of course. I can only reiterate the warnings of my predecessors that to do so is at odds with a constitutional scheme which never contemplated that our district courts would be treated as "way stations" in a multiple appellate process.[*] This case aptly demonstrates the majority's propensity to do just that.
In this case the Court disagrees with the Fourth District Court of Appeal as to whether National Airlines can be taken to trial on the basis of Mrs. Edwards' complaint. That alone appears to be the majority's justification for intruding into this lawsuit. The Court does not and could not suggest that the lower court applied the wrong legal principles; nor does it in any way articulate a point of law which has been unclear or in conflict among the district courts. The sole difference between the lower court's judgment and that of the majority here is whether an application of the legal tests of remoteness and intervening cause require affirmance or rejection of the trial court's order of dismissal. Based on a particular and unique set of factual allegations, the majority simply disagrees with the district court.
OVERTON, C.J., concurs.
NOTES
[*] Lake v. Lake, 103 So.2d 639, 641-642 (Fla. 1958); overruled, Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965). See also Gibson v. Maloney, 231 So.2d 823, 826 (Fla. 1970) (dissent).