DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SEMINOLE LAKES HOMEOWNER'S ASSOCIATION, INC.,**
a Florida corporation,
Appellant,

v.

**SHELDON ESNARD** and **MARY ANN ESNARD,** his wife,
Appellees.

No. 4D18-15

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 2014-CA-005525 (AO).

Thomas L. Hunker of Cole, Scott & Kissane, P.A., Plantation, and Lissette Gonzalez of Cole, Scott & Kissane, P.A., Miami, for appellant.

Andrew A. Harris and Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, and Joseph R. Fields, Jr. of Fields Legal, LLC, West Palm Beach, for appellees.

KANNER, DANIEL J., Associate Judge.

Seminole Lakes Homeowner's Association, Inc. appeals a final judgment entered after jury trial verdict in favor of Sheldon and Mary Esnard. Seminole Lakes contends that the trial court erred by not granting its motion for directed verdict on the issue of proximate causation. Seminole Lakes also appeals on two other grounds. We agree and reverse on the issue of proximate causation rendering the other two issues moot.

This case arose out of a car accident between the Esnards and Dedric Upshur which occurred inside the Seminole Lakes community. Upshur rear-ended the Esnards while they were stopped waiting for two trucks to pass between two parked cars on the street. The Esnards sought damages against Seminole Lakes on the basis that Seminole Lakes was negligent and proximately caused the Esnards' damages by permitting homeowners and their guests to park on both sides of the community's streets contrary

to its governing documents. The jury found that Seminole Lakes' negligence was a legal cause of the Esnards damages and apportioned fault with 30% to Seminole Lakes and 70% to Upshur.

Seminole Lakes is a community of single family homes and townhomes located in the Village of Royal Palm Beach, Florida. At the time of the accident, the Esnards were renting a townhome in Seminole Lakes. The Association's restrictive covenants provide that owners and guests shall park in their driveways or garages or designated common area spaces. In 2009, the board realized that there was a severe parking problem within the community and made the decision to allow overnight street parking, despite the fact that the Village of Royal Palm Beach Code prohibits any street parking which interferes with the flow traffic. As a result, vehicles parked on both sides of the street in various sections of the community. Occasionally, this circumstance would only allow one car to pass between two parked vehicles.

One evening in 2013, Mr. and Mrs. Esnard were returning home to their residence where they encountered such a circumstance. While they waited behind a truck for another truck to pass between two cars, they were rear-ended by Upshur. The Esnards' car was totaled and Mr. Esnard suffered injuries as a result of the accident.

The case proceeded to trial. At the close of the Esnards' case, Seminole Lakes moved for a directed verdict maintaining that Seminole Lakes' allowing cars to park on the street was not a proximate cause of the accident.

The issue of proximate causation is generally an issue for the trier of fact; however, there are instances where the issue should be decided as a matter of law. The Supreme Court of Florida held in *Nat'l Airlines, Inc. v. Edwards*, 336 So. 2d 545, 547 (Fla. 1976) (quoting *Kwoka v. Campbell*, 296 So. 2d 629, 631 (Fla. 3d DCA 1974)): "The question of proximate cause is one for the court where there is an active and efficient intervening cause."

The Second District Court of Appeal further explained the issue of proximate causation in *Mathews v. Williford*, 318 So. 2d 480, 481-83 (Fla. 2d DCA 1975):

> The law is well settled in this state that a remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of the result of the subsequent negligence.

- 2 -

* * *

In short, conduct prior to an injury or death is not legally significant in an action for damages like this, unless it is a legal or proximate cause of the injury or death-as opposed to a cause of the remote conditions or occasion for the later negligence.

"[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992). Obviously, the facts of every case are different and must be analyzed in their entirety.

In *Pope v. Cruise Boat Co., Inc.,* 380 So. 2d 1151 (Fla. 3d DCA 1980), the pedestrian plaintiff chose to walk on the shoulder of a county street running in front of the defendant's business. The plaintiff "came upon a boat on a trailer and two pickup trucks parked perpendicular to the street on the shoulder, but not protruding into the street." *Id.* at 1152. The plaintiff was struck by a truck when she stepped off the shoulder into the street in an attempt to go around the boat. *Id.* The plaintiff alleged that the defendant breached its duty to maintain the premises in a reasonably safe condition and that the issue of negligence should have been a question for the jury. *Id.* The Third District Court of Appeal held that the defendant's conduct of permitting the parking condition was not a proximate cause of the plaintiff's injury because it merely furnished the occasion for the plaintiff's own negligence in stepping into oncoming traffic, noting that the plaintiff "chose[] to walk the shoulder of the road rather than the sidewalk on the other side of the same street." *Id.* at 1152-53. The Third District Court later elaborated on its ruling in *Stahl v. Metro. Dade Cty.*, 438 So. 2d 14, 23 (Fla. 3d DCA 1983), explaining that the accident in *Pope* was an unusual, unforeseeable event:

[I]t was not a reasonably foreseeable consequence of the defendant's negligence that the plaintiff pedestrian would react in such an unusual manner. The plaintiff pedestrian plainly had no momentum problem as she travelled on foot alongside the road and could have easily come to a complete stop upon encountering the subject vehicles on the shoulder; in fact, that is what one, as a matter of law, would reasonably expect. Her decision thereafter to step onto the road without looking, whereupon she was hit by a car, was an unexpected, highly unusual event, and therefore an unforeseeable

- 3 -

intervening cause for which the defendant was not responsible. There was causation-in-fact in that case, but the result was considered too extraordinary and too unforeseeable to be considered a proximate cause of the defendant's negligence.

The same analysis applies to the present case. While the vehicles parked on the side of the street caused traffic to slow or even stop, it cannot be said that this was a proximate cause of the Esnards' damages. It is within common experience while driving on the streets of Florida to encounter traffic that is slowed or stopped for any number of reasons. The law requires every driver to maintain a safe distance from the traffic in front of them to avoid rear-end collisions.

In this case, the evidence showed that the Esnards had been stopped for a period of time before Upshur collided with them. The parking situation was patently obvious to any and all drivers using the streets in Seminole Lakes. There was no evidence that the Esnards were forced to make a sudden emergency stop or otherwise take evasive action to avoid the parked vehicles. This court sees no difference between this situation and a car being stopped behind a city bus waiting to pick up passengers. While Seminole Lakes' failure to enforce the parking rules was a cause-in-fact of the accident, its negligence only furnished the occasion for Upshur's negligence.

In light of all of the evidence, including the lack of any prior incidents of this nature, and the general conditions of this residential neighborhood, we hold that Upshur's negligence was not reasonably foreseeable by Seminole Lakes, and the failure to enforce its parking rules was not the proximate cause of the Esnards' injuries. *See Las Olas Holding Co. v. Demella,* 228 So. 3d 97 (Fla. 4th DCA 2017).

Accordingly, we reverse the trial court's denial of Seminole Lakes' motion for directed verdict, and remand for entry of a judgment in favor of Seminole Lakes.

*Reversed and Remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**