# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-2885
LT Case No. 2020-CA-000440-A

———————————————

JARVIS COLEMAN,

Appellant,

v.

VIA ENTERTAINMENT, LLC, VIA
FOOD AND BEVERAGE, LLC,
LAKE SQUARE MALL REALTY
MANAGEMENT, LLC, VILLAGE
LAKE PROMENADE, LLC, and
DAVID WARD,

Appellees.

———————————————


On appeal from the Circuit Court for Lake County.
Dan R. Mosley, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Jessica C. Conner, of Dean, Ringers, Morgan & Lawton, P.A.,
Orlando, for Appellee, Via Entertainment, LLC.

David S. Henry, of Kelley Kronenberg, Fort Lauderdale, for
Appellee, Via Food and Beverage, LLC.

No Appearance for Remaining Appellees.

September 12, 2025

PRATT, J.

Jarvis Coleman appeals the circuit court's entry of summary judgment in favor of Via Entertainment, LLC and Via Food and Beverage, LLC (collectively "Via"). Coleman argues that a genuine dispute of material fact exists as to whether Via's acts or omissions proximately caused his injuries. We disagree and hold that, as a matter of law, Via did not proximately cause his injuries.

In 2018, Via hosted a series of events at its entertainment center called "Hang Out Fridays." It held one such Hang Out on the night of March 9, 2018, into the morning of March 10. Coleman attended the March 9 Hang Out and parked in the lot in front of Via's venue. Via shut down the event early and ordered all attendees to exit the building. As Coleman headed toward his car after exiting, a truck hit him.

The circumstances of the collision were unusual. The driver had put the truck in park while waiting in a long line to leave the parking lot. He opened the driver-side door, stood up, and leaned out of the truck. While he was hanging out of the vehicle, the front-seat passenger put the truck in drive and hit the gas pedal. In addition to hitting Coleman, the truck ran over and killed another pedestrian. The front-seat passenger would later plead guilty to vehicular homicide.

Coleman brought a negligence suit against Via, alleging that it breached its duty to exercise reasonable care in the planning and execution of the Hang Out. Specifically, Coleman claimed that Via failed to create a traffic plan and direct traffic after ejecting all attendees from its venue. He asserted that the breach directly and proximately caused his injuries. Via moved for summary judgment, contending, among other things, that its actions or omissions were not the direct or proximate cause of Coleman's injuries. The circuit court granted summary judgment to Via, concluding that the negligent actions of the truck's occupants were an unforeseeable, intervening cause independent of any negligence by Via, and there consequently was no proximate causation as a matter of law. This appeal followed.

2

"We review a trial court's entry of summary judgment . . . de novo." *Johnson v. Wal-Mart Stores E., LP*, 389 So. 3d 705, 709 (Fla. 5th DCA 2024). "The issue of proximate causation is generally an issue for the trier of fact; however, there are instances"—for example, "where there is an active and efficient intervening cause"—"where the issue should be decided as a matter of law." *Seminole Lakes Homeowners Ass'n v. Esnard*, 263 So. 3d 56, 58 (Fla. 4th DCA 2018) (quoting *Nat'l Airlines, Inc. v. Edwards*, 336 So. 2d 545, 547 (Fla. 1976)).

"[P]roximate causation . . . is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). "[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Id.* at 503. But "an injury caused by a freakish and improbable chain of events would not be 'proximate' precisely because it is unquestionably unforeseeable." *Id.* When a plaintiff's injuries are "utterly unpredictable in light of common human experience" or "highly extraordinary," courts may hold that no proximate causation exists as a matter of law. *Id.* at 503–04.

Three of our sister courts have circumscribed the extent to which a defendant can reasonably foresee a third party's negligent operation of a vehicle. The First District held that a store owner could not reasonably foresee that a third party, upon starting her car, which was parked in front of the store, would negligently drive over the curb, across the sidewalk, and into the store, injuring a patron. *Schatz v. 7-Eleven, Inc.*, 128 So. 2d 901, 904 (Fla. 1st DCA 1961). Similarly, when an impatient driver attempted to pass a stopped car in a grocery store parking lot but drove up and over a parked car, became airborne, and struck a woman loading groceries in her trunk, the Third District determined that the grocery store could not have anticipated the driver's "highly unusual behavior." *Food Fair, Inc. v. Gold*, 464 So. 2d 1228, 1229, 1231 (Fla. 3d DCA 1985). And the Fourth District held that a homeowner's association could not reasonably foresee that failing to enforce a prohibition on street parking would cause a third party to rear-end the plaintiffs' car while they were stopped and waiting

3

for trucks to pass between cars parked on the street. *Seminole Lakes*, 263 So. 3d at 57, 59.

The events in this case are at least as unforeseeable as those in the three preceding cases. Via could not reasonably have foreseen that a front-seat passenger would put a parked vehicle into drive and hit the gas pedal while the driver was hanging out of the vehicle, thereby causing the vehicle to strike pedestrians. Insofar as this case is distinguishable from *Schatz*, *Gold*, and *Seminole Lakes*, the distinctions cut in Via's favor. To the extent a defendant should foresee a third party's negligent operation of a vehicle, it's generally negligent operation by the *driver* rather than by the *passenger*.

At bottom, Coleman's injuries resulted from a freakish and improbable chain of events. Via could not reasonably have foreseen the truck passenger's utterly unpredictable criminal conduct; therefore, any failure to create a traffic plan or direct traffic did not proximately cause Coleman's injuries. We affirm the circuit court's entry of summary judgment.

AFFIRMED.

JAY, C.J., and EISNAUGLE, J., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

4